■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY REYES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Hentel, J.), rendered January 7, 1983, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On appeal, defendant contends, *inter alia,* that the People failed to prove beyond a reasonable doubt his intent to kill, and that the trial court's failure to charge the jury on the defense of justification (Penal Law § 35.15) was reversible error.

Viewed in a light most favorable to the People, the evidence adduced at trial established that defendant, acting with at least five other youths, assaulted a lone victim, and that defendant stabbed the victim twice. The knife wounds to the abdomen punctured the heart, liver and intestines and were caused by a blade at least five inches long. Under the circumstances, the jury's finding of intent to kill was supported by proof beyond a reasonable doubt.

On the issue of justification, in determining whether the issue should be submitted to the jury, the defendant is entitled to the " 'most favorable view of the record' " (*People v Steele,* 26 NY2d 526, 529). Here the defendant presented no evidence, and relies upon the People's proof to raise the issue. We agree with the trial court that, as a matter of law, a justification issue warranting a jury charge was not raised.

Defendant contends that the evidence could show that he came to the aid of another youth who had been assaulted by the victim, and that the victim was about to hit him with a three-foot board. The record does not support his contention. The uncontroverted evidence from three eyewitnesses showed that the victim was running when a car carrying the group stopped ahead of him, in the middle of the street, without parking. There was conflicting evidence as to whether the victim was initially approached by all of the youths, or only one of them. However, the uncontroverted evidence showed that the first youth had retreated in safety to the car before the others, wielding knives, assaulted the victim.

Defendant quotes from the record to show that the victim was about to hit him with a three-foot board, thus implying that he

stabbed the victim in self-defense. However, the record shows that the witness' testimony, immediately before and after the quoted passage, showed that the victim had already been stabbed at this point. In addition, the two other eyewitnesses also testified that the victim did not swing the three-foot piece of wood at anyone until after he had been stabbed. Accordingly, no issue of justification was raised (*People v Alston,* 104 AD2d 653).

We have considered defendant's remaining contentions and find them to be without merit. Titone, J. P., O'Connor, Rubin and Lawrence, JJ., concur.