■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS BELL, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Scholnick, J.), rendered January 27, 1982, convicting him of manslaughter in the first degree, attempted assault in the first degree (two counts), criminal possession of a weapon in the second degree and criminal use of a firearm in the second degree (two counts), after a nonjury trial, and imposing sentence.

Judgment affirmed.

Defendant was charged by a Kings County Grand Jury with the crimes of murder in the second degree, attempted murder in

the first degree (two counts), criminal possession of a weapon in the second degree and criminal use of a firearm in the second degree (two counts). The trial court found, *inter alia,* that defendant's acts did not constitute murder in the second degree inasmuch as he had acted under the influence of extreme emotional stress at the time of the crime. Accordingly, defendant was found guilty of the lesser included offense of manslaughter in the first degree. The court refused to consider the crime of manslaughter in the second degree notwithstanding defendant's request that it do so.

There is no dispute that on December 18, 1980, Geraldine Lind was shot and stabbed to death by defendant, her paramour. Defendant thereafter engaged in a gun battle with Emergency Squad officers who responded to the scene. The officers were able to disarm defendant by shooting the gun out of his hand, whereupon they took him into custody. The sole issue contested at trial was whether defendant, who began the habitual abuse of drugs while serving in Vietnam and who also had a history of alcohol abuse, was so intoxicated as to have been unable to form the intent to kill.

The uncontroverted evidence that defendant shot his common-law wife three times and then stabbed her 51 times after she was immobilized established the requisite intent to prove his guilt of manslaughter in the first degree beyond a reasonable doubt despite the indication that he was intoxicated at the time. Even an intoxicated person may be capable of forming the intent to kill (*People v Cintron,* 74 AD2d 457) and the court's verdict was supported by sufficient evidence.

There is no reasonable view of the evidence which would support a conclusion that defendant acted recklessly rather than intentionally and the trial court's rejection of the lesser included offense of manslaughter in the second degree was not error (CPL 300.50 [1]; *People v Green,* 56 NY2d 427, *rearg denied* 57 NY2d 775). Thompson, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.