■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO MORALES, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Winick, J.), rendered April 26, 1984, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Prior to the defendant's trial, he served a statutory notice of intent to raise the defense that he was not criminally responsible as a result of mental disease or defect (see, Penal Law former § 30.05, repealed L 1984, ch 668, § 1, eff Nov. 1, 1984; see also, CPL 250.10), which, under the former statutory

scheme, the People had the burden of disproving beyond a reasonable doubt *(see,* Penal Law former § 30.05 [2]; Penal Law § 25.00 [1]; *People v Silver,* 33 NY2d 475, 479).

At the ensuing trial, the defense declined to expressly withdraw the defense of lack of criminal responsibility by reason of mental disease or defect. However, in his opening statement, the defense counsel made no mention of the defense, and simply asked the jury to carefully consider the proof on the elements of knowledge and intent. Thereafter, evidence was introduced indicating that the defendant was a heavy drinker, and that at the time of the crime, he was so intoxicated as to be able to remember nothing of the incident that resulted in his arrest.

The defense also attempted to call a clinical psychologist and after an offer of proof outside the presence of the jury as to this witness's testimony, the trial court ruled that the witness could not testify in the case on the basis that the offer of proof did not suggest that the defendant suffered from a mental disease or defect which might provide a basis for avoiding criminal responsibility under the statute, and was, therefore, insufficient to overcome the presumption of sanity and to warrant its presentation to the jury *(see,* Penal Law former § 30.05).

We agree with the defendant's contention that the exclusion of all testimony of his psychologist deprived him of a fair trial, inasmuch as such testimony was relevant both to his mental disease or defect defense and to the issue of intoxication. " 'The right to present evidence by witnesses of one's own choosing is a fundamental ingredient of due process *(Jenkins v McKeithen,* 395 US 411, 429 [, *reh denied* 396 US 869]), and the testimony of a defendant's witness should not be prospectively excluded unless it is offered in palpably bad faith *(People v Gilliam,* 37 NY2d 722, revg 45 AD2d 744 on the dissenting opn of Hopkins, J.; *People v McClinton,* 75 AD2d 900)' " *(People v Westergard,* 113 AD2d 640, 645, quoting from *People v Forbes,* 87 AD2d 829). Although this right is necessarily limited to the extent that the trial court must, once a witness has taken the stand, rule on questions of admissibility upon proper objection *(People v Westergard, supra; People v Gilliam, supra; People v Murray,* 79 AD2d 993; *People v Hepburn,* 52 AD2d 958), the trial court's determination to exclude the witness's testimony in toto, made upon an offer of proof, was improper. In sharp contrast to *People v Westergard (supra),* in which the trial court ruled at a sidebar conference that certain prospective testimony was irrelevant and, if

elicited, would not be admitted *(see, People v Westergard, supra,* at p 645), the trial court in the instant case applied an incorrect standard in excluding the prospective testimony in its entirety.

The trial court's rationale for the exclusion of such testimony was that the defendant had failed to adduce sufficient evidence, in the offer of proof or otherwise, to overcome the presumption of sanity and to warrant the submission of the defense of mental disease or defect to the jury. However, the presumption of sanity, although rationally based on the fact that most people are sane, is essentially a procedural device which, in most cases, serves to eliminate the necessity for the prosecution to present evidence of a defendant's sanity *(see, People v Silver,* 33 NY2d 475, 480-481, *supra).* As such, the presumption, and the evidence introduced by the defense in rebuttal thereto, is to be considered in determining whether the People have sustained their burden of proving sanity beyond a reasonable doubt *(see, People v Silver, supra,* at p 479), but the presumption does not establish a threshold requirement for the admissibility of evidence presented by a defendant on the issue of sanity. Stated otherwise, a defendant need not establish that his evidence of a mental disease or defect is sufficient to overcome the presumption of sanity in order to present such evidence to the jury. For purposes of admissibility, it suffices that the particular evidence offered by the defendant is relevant, i.e., that it possesses any tendency to make the fact of the defendant's sanity at the time of the crime less probable than it would be without such evidence *(see, People v Davis,* 43 NY2d 17, 27, *cert denied* 435 US 998).

Here, the offer of proof given by the defendant's psychologist may not have been sufficient, standing alone, to overcome the presumption of sanity. Absent from the witness's prospective testimony was any opinion that the defendant was, at the time of the crime, suffering from a mental disease or defect which caused him to lack substantial capacity to know or appreciate the nature and consequence or the wrongfulness of his conduct *(see,* Penal Law former § 30.05). Nevertheless, the prospective testimony was, in general terms, relevant to the material issue of the defendant's sanity and, therefore, the witness should have been permitted to testify, subject to the trial court's right to rule on the propriety of particular answers upon proper objection.

Assuming, arguendo, that the defendant had effectively abandoned the statutory defense of lack of criminal responsibility by reason of mental disease or defect, we also conclude

that the psychologist's testimony should have been presented to the jury, because it was relevant to the defendant's claim that he was incapable of forming the requisite criminal intent and, in particular, that he was in a state of intoxication at the time of the alleged crime which precluded the formation of such an intent. Proof of a mental disease, defect or deficiency short of insanity, although not having acquired the status of a statutory defense, may still negate a finding of specific intent essential to sustain a conviction (see, People v Segal, 54 NY2d 58, 66). It is therefore error to exclude expert testimony which, although not necessarily relevant to the statutory insanity defense, is nevertheless probative of whether the defendant possessed, at the time of the crime, the required criminal intent (see, People v Colavecchio, 11 AD2d 161).

The importance of such expert testimony is clear where, as here, the defendant seeks to rely upon the statute prescribing the effect of intoxication upon criminal liability (Penal Law § 15.25). An intoxicated person may be capable of forming the intent necessary to support a conviction (see, People v Bell, 111 AD2d 926, 927; People v Cintron, 74 AD2d 457), and intoxication is not, as such, a defense to a criminal charge (Penal Law § 15.25). However, a defendant may offer evidence of intoxication where such evidence is relevant to negate an element of the crime (Penal Law § 15.25). The defendant sought to do so in this case through his own testimony, and that of witnesses, to the effect that he was a heavy drinker who was intoxicated at the time of the alleged crime and could remember nothing of the incident. We conclude that, under the statute, the defendant should also have been permitted to offer evidence in the form of the testimony of the psychologist regarding the defendant's alcohol dependence and the possibility that because of his consumption of alcohol, the defendant's conduct was not purposeful, thereby tending to negate the elements of knowledge and intent necessary to sustain a burglary conviction.

Because we are ordering a new trial in this case, we shall touch briefly upon certain of the defendant's other contentions raised on this appeal. First, the defendant's motion to suppress evidence was properly denied, inasmuch as the ring found in his pocket was seized in the course of a search incident to his lawful arrest (see, People v Belton, 55 NY2d 49, 52-53). Second, evidence of the defendant's oral statements to the police was properly admitted to impeach his credibility (see, Harris v New York, 401 US 222), because the oral statements suggested a view of the events in question that was

contrary to the version offered by the defendant in his trial testimony *(see, People v Wise,* 46 NY2d 321, 326-328). Finally, although the prosecutor may have cross-examined the defendant as to aspects of his criminal record that went beyond the permissible scope of the trial court's *Sandoval* ruling, such error was, under the circumstances, harmless *(see, People v Crimmins,* 36 NY2d 230). However, we admonish the prosecutor to abide by the trial court's ruling at the defendant's new trial.

We have examined the defendant's remaining contentions and find them to be without merit. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.