■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN D. LANG, JR., Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Kalinowski, J.), rendered October 23, 1980, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's sole contention that the People failed to prove beyond a reasonable doubt his capability of formulating the requisite intent to commit the crime of burglary in the third degree. While it is true that a defendant may offer evidence of his intoxication whenever it is relevant to negative an element of the crime charged (see, Penal Law § 15.15), it has likewise been held that even an inebriated individual may be capable of forming an intent (see, People v Cintron, 74 AD2d 457). In this case, the jury was properly instructed by the trial court that it could consider evidence of the defendant's intoxication in determining whether or not his mind was so obscured by alcohol and/or drugs that he was incapable of acting knowingly and with the requisite criminal intent. Thus, a factual question was created which the jury chose to resolve in favor of the prosecution. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's capability of forming the requisite intent beyond a reasonable doubt. Moreover, upon

the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15). We see no basis for disturbing the jury's findings. Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.