■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JOHN COLONNA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leone, J.), rendered May 22, 1986, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

Initially, we conclude that the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his oral and videotaped statements. While there was evidence indicating that the defendant had been drinking on the night of the stabbing and that his arrest occurred shortly thereafter, there is no indication that he was so intoxicated that he was unable to comprehend the meaning of his statements, or that he lacked an awareness or understanding of his admission (see, People v Schompert, 19 NY2d 300, cert denied 389 US 874; People v Provosty, 141 AD2d 867; People v Jenkins, 134 AD2d 523).

The defendant's further contention that due to his alleged intoxication, he could not have acted recklessly in stabbing his victim, is without merit. Voluntary intoxication does not negate the element of recklessness necessary to sustain a conviction of manslaughter in the second degree (see, Penal Law § 15.05 [3]; § 125.15 [1]; People v Register, 60 NY2d 270, cert denied 466 US 953).

In addition, viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to support the defendant's conviction (see, People v Contes, 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Furthermore, the sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contentions and find that they are either unpreserved for appellate review or are without merit. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.