■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DIXON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered May 5, 1986, convicting him of murder in the second degree (two counts), robbery in the first degree, and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that he was denied a fair trial because the court refused to allow a defense witness to take the stand solely for the purpose of invoking his Fifth Amendment rights in the presence of the jury and refusing to testify is without merit. It is well settled that "the decision to permit defense counsel to call a particular witness solely 'to put him to his claim of privilege against self incrimination in the presence of the jury' rests within the sound discretion of the trial court" *(People v Thomas,* 51 NY2d 466, 472, quoting *People v Sapia,* 41 NY2d 160, 163-164, *cert denied* 434 US 823). The jury may have inferred that the witness and not the defendant was guilty of the crimes charged; such an inference clearly would have been unwarranted since the witness's invocation of the Fifth Amendment could have been based upon considerations wholly unrelated to the crimes charged.

We have reviewed the defendant's other claims of error including those raised in his *pro se* supplemental brief and find them to be either unpreserved for appellate review or without merit. Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.