■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD GOODMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mallon, J.), rendered August 5, 1987, convicting him of attempted murder in the second degree, criminal use of a firearm in the first degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A defendant may offer evidence of his intoxication whenever it is relevant to negative an element of the crime charged (see, Penal Law § 15.25; People v Lang, 143 AD2d 685). However, even an intoxicated person may be capable of forming the intent necessary to support a conviction (see, People v Lang, supra; People v Morales, 125 AD2d 605; People v Gonzalez, 119 AD2d 768; People v Bell, 111 AD2d 926). Whether a defendant was so intoxicated as to be unable to form the requisite intent for a given crime presents a question of fact for the jury to resolve (see, People v Danaher, 115 AD2d 905, 906; see also, People v Lang, supra). A jury may consider evidence of intoxication as negating specific intent, but it is not required to do

so (see, People v Jones, 27 NY2d 222, 228-229). In the case at bar, while the defendant submitted evidence that he consumed quantities of alcohol prior to the commission of the crimes charged, we find no basis upon which to disturb the jury's determination that the defendant had the requisite intent to murder his wife and to cause her serious physical injury (see, People v Sanbolin, 133 AD2d 654; People v Charles, 114 AD2d 466).

Further, we find that, reviewing the charge in its entirety, the jury was properly instructed that it could relieve the defendant of the criminal responsibility for his conduct "only where the intoxication is of such a degree, character and extent as to deprive a defendant of the power to form the particular criminal intent" (1 CJI[NY] 9.46; see also, People v Lynch, 23 NY2d 262; People v Leonardi, 143 NY 360).

Finally, we have considered the defendant's remaining contentions and have found them either to be unpreserved for appellate review or without merit. Mangano, J. P., Eiber, Sullivan and Balletta, JJ., concur.