■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENTRY ROBINSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered January 6, 1989, convicting him of murder in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the People failed to prove beyond a reasonable doubt that he had the requisite intent to commit the crime of murder in the second degree. While it is true that a defendant may offer evidence of his intoxication whenever it is relevant to negate an element of the crime charged (see, Penal Law § 15.15), even an intoxicated person may be capable of forming the requisite intent (see, People v Goodman, 152 AD2d 705; People v Bell, 111 AD2d 926). Whether a defendant was so intoxicated as to be unable to form the requisite intent for a given crime presents a question of fact for the trier of fact (see, People v Lang, 143 AD2d 685; People v Lancaster, 124 AD2d 678). Despite the evidence submitted herein concerning the defendant's ingestion of cocaine prior to the commission of the crime charged, and of the effect of such drug use, the trier of fact could properly find that the defendant was capable of and formed the requisite intent to murder his mother (see, People v Goodman, supra; People v Lancaster, supra). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant further contends that he was deprived of effective assistance of trial counsel because of a contingent fee agreement with his attorney. However, after a pretrial hearing, during which the defendant was represented by independent counsel appointed by the court, the agreement was voided. Moreover, the defendant unequivocally stated that he did not want another attorney, and on appeal, the defendant does not challenge his counsel's performance during the trial. Therefore, since the defendant has failed to show any prejudice, we find his argument to be without merit (see, People v Winkler, 71 NY2d 592).

We have considered the defendant's contention that the sentence imposed was excessive and find it to be without merit. Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.