■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN THOMAS, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH THOMAS, Appellant.—Judgments of the Supreme Court, New York County (Franklin Weissberg, J., at audibility hearing and at trial with jury), rendered on June 5, 1987, the first convicting defendant Kevin Thomas of two counts of criminal sale of a controlled substance in the first degree and two counts of criminal sale of a controlled substance in the second degree and sentencing him to two terms of imprisonment of from 20 years to life and two terms of from 5 years to life, all sentences to run concurrently; and the second convicting defendant Keith Thomas of criminal sale of a controlled substance in the first degree, three counts of criminal sale of a controlled substance in the second degree, and criminal sale of a controlled substance in the third degree and sentencing him to five concurrent indeterminate life terms with minimums of 20 years, 7 years (two terms), 6 years and 5 years, respectively, unanimously affirmed.

Defendants were tried together on an 11-count indictment charging Keith Thomas, alone, with selling heroin three times and cocaine once, Kevin, alone or with a third person, with selling heroin five times, and both defendants, acting in concert, with selling heroin once. The incidents stretched over nine months. Different undercover officers dealt with each of the defendants, but the same informant was used as a lead to both of them.

Common to these two appeals is the issue of whether defendants were denied the right to compulsory process because the informant flatly refused to testify. The informant, who was known to both defendants as the husband of Kevin's former paramour, reluctantly came to court after a telephone conversation with the Trial Justice. On consultation with counsel, and despite the court's threat to hold him in contempt, the informant said that he would not testify under any circumstances.

The right to compel the informant to testify existed only to the extent that any witness might otherwise be compelled to attend and testify (*People v Sapia*, 41 NY2d 160, *cert denied* 434 US 823). The record does not disclose that the informant was ultimately held in contempt, but there is little doubt that his refusal to testify was immutable. He refused to testify in connection with a separate case and was held in contempt.

Thus, we find no merit to the claim that the court should have done more to compel the informant to testify. Furthermore, the court did not abuse its discretion by refusing to allow counsel to call the informant to the stand only to refuse to testify *(People v Thomas,* 51 NY2d 466). The informant's role in the case cannot be overlooked, but it should not be overemphasized *(see generally, People v Goggins,* 34 NY2d 163, 170, *cert denied* 419 US 1012). Moreover, the jury learned that the informant had told a defense investigator that he could not be bothered with the subpoena served on him, demonstrating both that the jury was aware of the informant's attitude and that his refusal to testify was not a recent development. Counsel therefore could not have entertained a reasonable expectation that the informant would testify had he been summoned to the stand *(see, People v Berg,* 59 NY2d 294, 298-299).

Defendants' contention that the prosecutor's summation was unfair has no merit. Most of the comments now complained of by defendants did not elicit objections at trial, and the mistrial motion by defendant Kevin Thomas' counsel did not single out all of the comments which are now complained of *(cf., People v Balls,* 69 NY2d 641). In any event, the prosecutor's strong comments on the evidence were, in the main, responsive to claims by defense counsel. The focus of the trial was the credibility of the police witnesses who were accused by defense counsel of giving rote testimony or, more bluntly, of lying. We find that the prosecutor's raised voice and rhetorical excesses, under the circumstances, do not require a reversal *(cf., People v Galloway,* 54 NY2d 396, 401).

As to the arguments advanced by defendant Keith Thomas that he should have been tried separately, only the claim that his right to a fair trial was prejudiced by evidence of Kevin's boast that he and his brother moved two ounces of heroin a day has been preserved for our review. At trial, counsel urged that a severance was mandated by *Bruton v United States* (391 US 123). Kevin made the remark in issue in July 1985. The only transaction in which both defendants were implicated took place on December 3, 1985.

We find no *Bruton* error. Kevin's statement was not the product of custodial interrogation and, as a statement of a coconspirator made in the course of a conspiracy, the statement had sufficient indicia of reliability, notwithstanding its commercial nature, for admission into evidence *(People v Sanders,* 56 NY2d 51, 64). In this connection, the absence of a

conspiracy count in the indictment did not bar the admission of the statement at trial. We find the numerous acts committed separately by each defendant and their joint participation in the December transaction to be prima facie proof of a conspiracy *(People v Luciano,* 277 NY 348, *cert denied* 305 US 620; *People v Salko,* 47 NY2d 230). By the same token, while the evidence would not support a finding of guilt as to one of these defendants on the substantive charges stemming from the separate acts of the other *(People v McGee,* 49 NY2d 48, 56-57), the evidence does show that the joint trial of the offenses, if not properly joined under CPL 200.20 as part of a common scheme or plan, was harmless error. The case against defendant Keith Thomas was overwhelming *(cf., People v Hamlin,* 71 NY2d 750).

We have considered defendants' remaining claims, including those in defendant Kevin Thomas' *pro se* brief and addendum, and find them to be without merit. Concur—Ross, J. P., Asch, Kassal, Wallach and Rubin, JJ.