■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARON Moss, Appellant.—Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered January 3, 1989, convicting defendant, after a jury trial, of manslaughter in the

first degree (Penal Law § 125.20 [1]), for which she was sentenced to 4 to 12 years, unanimously affirmed.

Defendant was convicted in the stabbing death of her roommate, Joseph Smith. The evidence at trial established that defendant and Smith had argued several times over the course of an evening, during which company was present, concerning the company's continued presence. The company was comprised of friends of the defendant. Smith complained that he wanted them to leave so that he could sleep, since he had to go to work the following day. Evidence was received that earlier that day, a neighbor heard defendant say to Smith, "I'm not going to cut you tonight, I am going to kill you tonight". Guests at the apartment that evening testified that Smith had had a kitchen knife in his possession, but never made any movement toward anyone nor threatened anyone, including defendant. At one point, when Smith was remonstrating with defendant that, "I am tired of this" and "I want your company to leave", defendant jumped off the bed, her own knife in hand, lunged towards Smith and stabbed him in the chest. A few minutes later, guests saw Smith sitting in the bathroom bleeding profusely. Medical evidence established that he had been stabbed twice, and that either wound could have caused his death. In a statement made to police, defendant claimed that although Smith had had a knife, and was arguing with her, she had only "poked at him" with her own knife. She also stated that when she poked at Smith, she had not seen a knife in Smith's hand at that time, and that Smith had not threatened her with one. On the videotape, defendant demonstrated how she poked Smith, but in doing so she made two jabs with her hand. Defendant's evidence before the Grand Jury also was introduced at trial. In her testimony before the Grand Jury, defendant claimed that she struck him only once, and was not "trying to hurt him or kill him or anything" but "just poked" him. Again, she testified that she had not seen a knife in Smith's hand, nor had he threatened her. At the trial defendant testified that she had not stabbed Smith, but had only "poked him" once to make him back off. She did not believe that he had been hurt, and testified that afterwards Smith went off to the bathroom and locked himself in. She managed to open the door, saw him sitting inside with his knife, then she left him and returned to her room.

Viewing the evidence in a light more favorable to the People (People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932), and giving due deference to the jury's findings of credibility (People v Bleakley, 69 NY2d 490, 495), we conclude

that the evidence was legally sufficient to establish that defendant intended to cause serious physical injury. We note that defendant's own conduct of stabbing Smith during close physical contact (see, People v Culpepper, 109 AD2d 622, 623), and medical evidence that she stabbed him twice in vital areas, along with testimony that she made a prior threat to kill him (see, People v Reyes, 108 AD2d 934), demonstrated defendant's intent to cause serious physical injury. The jury was free to discredit defendant's own testimony in which she attempted to exculpate herself to the extent of negating such intent. We also note that there is no reasonable view of the evidence that defendant reasonably believed that Smith was using or was about to use deadly physical force against her (Penal Law § 35.15 [1], [2] [a]), and we conclude that the People disproved defendant's justification defense beyond a reasonable doubt (see, People v Goetz, 68 NY2d 96, 106). Defendant's challenges to the People's summation comments are not preserved as a matter of law (CPL 470.05 [2]; People v Nuccie, 57 NY2d 818, 819). We decline to review in the interest of justice. Defendant's argument that the jury was provided with ineffectively redacted evidence is meritless. We note that trial counsel never contended that the jury had heard redacted portions of the videotape in question, never moved for a mistrial on this basis, there is nothing in the record to suggest that redacted portions of the tape had been heard by the jury, and trial counsel never objected to the court's instruction, in response to a jury note, that "there is no such testimony * * * please get that out of your heads, it does not exist". Hence, the record does not evince that any such error ever occurred. Defendant's challenge to the effectiveness of her trial representation is not supported by the record. Defendant never moved to vacate pursuant to CPL 440.10 and a record had never been made as to counsel's strategy, or as to counsel's response to defendant's claims. In any event, on the basis of the record, defendant failed to carry her burden of demonstrating that counsel had failed to provide meaningful representation (see, People v Satterfield, 66 NY2d 796, 798-799; People v Baldi, 54 NY2d 137, 147). It is defendant's heavy burden to demonstrate that, but for counsel's unprofessional errors, the result of the proceeding would have been different (Strickland v Washington, 466 US 668, 694; see, People v Baldi, supra; People v De La Hoz, 131 AD2d 154, 158, lv dismissed 70 NY2d 1005). We have examined defendant's remaining contentions, and find them to be without merit. Concur—Ross, J. P., Carro, Wallach and Rubin, JJ.