■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY LOVE, Appellant.—Harvey, J. Appeal from a judg-

ment of the County Court of St. Lawrence County (Nicandri, J.), rendered July 10, 1990, upon a verdict convicting defendant of the crime of rape in the first degree.

Defendant and William Wilson were charged by a Grand Jury with one count each of rape in the first degree as a result of an incident occurring on September 3, 1988. At the joint trial, the victim testified that on that day she met defendant and Wilson at a park in the Village of Massena, St. Lawrence County. Defendant allegedly told the victim he was a cousin of her boyfriend. At some point the victim agreed to accompany the two to a tavern located about 45 minutes or an hour away. While at the tavern, the victim met Doug La Pradd. After staying at the tavern for a while, the victim saw defendant and La Pradd leave the bar and she followed. Outside, one of the men called to the victim and she, apparently, followed by Wilson, entered a van in which defendant and La Pradd were sitting. According to the victim, soon thereafter defendant grabbed her and raped her while Wilson and La Pradd held her down. Although defendant did not deny at trial that he had had intercourse with the victim that day, he testified that the act was consensual. Wilson testified that he was not in the van at the time the alleged rape occurred. The jury returned a verdict of guilty against both defendant and Wilson. Defendant was ultimately sentenced to 4½ to 13½ years in prison. This appeal by defendant followed.

At the outset, defendant challenges the various rulings made by County Court with respect to defendant's attempts to put La Pradd on the witness stand. After reviewing all of defendant's arguments on this point, we reject them. At trial, defendant called La Pradd as his first witness after the People rested. At this time La Pradd, who had been subpoenaed to testify in this proceeding, was under separate indictment and was awaiting sentencing following entry of a guilty plea to attempted sodomy in the third degree for his involvement in this incident. In chambers, County Court advised La Pradd to speak with his attorney regarding his 5th Amendment rights and whether he should testify. County Court reminded La Pradd that he could subject himself to other charges such as perjury if he testified in a manner inconsistent with what he had said in earlier criminal proceedings against him. After speaking with his attorney, La Pradd initially indicated a willingness to testify. However, after a recess, La Pradd informed the court that, upon advice from counsel, he had decided to exercise his 5th Amendment right to decline to answer any questions. Defendant's counsel then requested

that La Pradd be ordered to take the stand anyway so that he could ask some vague "preliminary" questions. La Pradd's counsel opposed this request and County Court ruled that he would not allow defense counsel to call La Pradd to the stand simply to have him invoke his constitutional rights in front of the jury. La Pradd was then granted permission to sit in the courtroom and watch the proceedings.

Thereafter, defendant's case was presented without the benefit of La Pradd's testimony. A short time after the defense rested, La Pradd notified defendant's attorney that he had changed his mind again and was allegedly now willing to testify in a limited fashion concerning the September 3, 1988 incident. La Pradd's counsel indicated that, if he testified, his client would still invoke his 5th Amendment rights where he felt it was necessary. La Pradd denied being in the courtroom during defendant's testimony but admitted that he heard Wilson testify. Claiming that defendant was prejudiced by this turn of events, defense counsel moved for a mistrial. County Court denied this request and defendant's attorney then requested that County Court permit him to reopen the defense and put La Pradd on the stand. Wilson's counsel vigorously opposed this motion (as well as the previous motion for a mistrial), noting that allowing La Pradd on the stand after he had already heard Wilson testify would be too prejudicial to his client. Agreeing with that statement and also noting the potential prejudice to the People, County Court also denied defendant's motion to reopen the defense.

Turning to defendant's various challenges to County Court's rulings, he argues first that he had an absolute right to put La Pradd on the stand for the purpose of having the jury hear him invoke his 5th Amendment rights. However, the Court of Appeals has stated that "the decision whether to permit defense counsel to call a particular witness solely 'to put him to his claim of privilege against self incrimination in the presence of the jury' rests within the sound discretion of the trial court" (*People v Thomas*, 51 NY2d 466, 472, quoting *People v Sapia*, 41 NY2d 160, 163-164, *cert denied* 434 US 823; *see, People v Thomas*, 162 AD2d 403, 404, *lv denied* 76 NY2d 991; *People v Dixon*, 149 AD2d 613, *lv denied* 76 NY2d 733). Here, at the point that La Pradd insisted that he not be called to the stand, we cannot say that County Court abused its discretion in light of the limited relevance that an invocation of constitutional rights before the jury would provide. Further, there was a very real possibility that La Pradd's invocation of his 5th Amendment right would cause the jury

to infer that La Pradd was defendant's accomplice and, therefore, that defendant was guilty *(see, People v Thomas,* 51 NY2d 466, 472, *supra).*

We similarly find no impropriety in County Court's denial of defendant's motions for a mistrial and to reopen the defense after La Pradd allegedly changed his mind about testifying. Notably, in view of the statement by La Pradd's attorney that La Pradd was only going to give "limited" testimony and still planned to invoke his 5th Amendment rights when he deemed it appropriate, it does not appear that the newly proposed La Pradd testimony would have been any more probative on reopening than it would have been earlier. In any event, in light of the vigorous, and we believe justified, objections of Wilson's attorney as to the potential prejudice that would accrue to his client if the defense was reopened for this purpose *(cf., People v Owens,* 22 NY2d 93, 94) after La Pradd had already heard Wilson testify, we find no abuse of discretion in County Court's ruling.

The remaining issues raised by defendant have been examined and have been found to be lacking in merit. Viewing the evidence in the light most favorable to the People, there was legally sufficient evidence at trial to establish defendant's guilt beyond a reasonable doubt *(see, People v Bryce,* 174 AD2d 945). To the extent the issues in that case centered around credibility, the jury was free to credit the testimony of the victim over that of defendant *(see, e.g., People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932). As for the sentence imposed by County Court, we note that it fell within statutory guidelines and was hardly an improvident exercise of that court's discretion given the despicable nature of the charged crime and defendant's past criminal history.

Mahoney, P. J., Weiss, Yesawich Jr. and Levine, JJ., concur. Ordered that the judgment is affirmed.