■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered November 8, 1989, convicting him of burglary in

the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the hearing court erred in precluding him from cross-examining a police detective regarding the description of the perpetrator that the complainant gave to the detective. The defendant's argument is predicated upon the possibility that the complainant may have mentioned to the detective a particular observed characteristic of the defendant, which was then unfairly highlighted in the photographic array. The complainant's attention, in viewing the array, would thereby have been improperly drawn to the defendant's photograph.

A visual inspection of the photographic array used in this case reveals that it depicted males sufficiently similar in appearance to rule out any suggestiveness. Moreover, no special emphasis was accorded to any physical characteristic or visual clue which could have induced the complainant to select the defendant's photograph. Accordingly, the hearing court did not improvidently exercise its discretion in limiting cross-examination (see, People v Ayers, 161 AD2d 770).

We further disagree with the defendant's contention that his admissions to the police should have been suppressed. Although the defendant admitted being a user of crack cocaine, there was no evidence to show that, at the time he was questioned by the police, he was so intoxicated as to be unable to comprehend the meaning of his statements. The totality of the circumstances indicates that the defendant was capable of intelligently waiving his Miranda rights and that he knowingly and voluntarily did so (see, People v Monzon, 167 AD2d 357; People v Colonna, 147 AD2d 582).

The claim of the defendant that he was denied the effective assistance of counsel is without merit. The mere fact that the tactics and strategy of the defense counsel ultimately proved unsuccessful cannot be equated with ineffective assistance (see, People v Baldi, 54 NY2d 137; People v Beckum, 156 AD2d 571). Thompson, J. P., Kunzeman, Lawrence and Miller, JJ., concur.