■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIE ANGEL, Also Known as ANGEL LUIS PEREZ, Also Known as ANGEL LUIS NAVARRO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Koch, J.), rendered August 16, 1989, convicting him of manslaughter in the first degree, attempted manslaughter in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, who has a history of alcohol abuse, consumed various alcoholic beverages on September 10, 1988. Nevertheless, except for being unusually angry, he appeared normal when he arrived at his girlfriend's apartment at approximately 8:15 P.M. When he began arguing with his girlfriend, her mother suggested that he take a walk to calm himself. At that point, the defendant went to the kitchen and took a large butcher knife from one of the drawers. Suddenly, he began stabbing his girlfriend, first in the leg and then in various other parts of her body, inflicting eight stab wounds in all. He stabbed his girlfriend's mother three times.

When police officers arrived at the apartment a short time later, they found both the semi-conscious girlfriend and her unconscious mother lying on the floor, bleeding profusely. The girlfriend's mother subsequently died of her injuries. The girlfriend provided the officers with a description of the defendant and his address. At about 10:10 P.M., the officers located the defendant at that address. Although he appeared nervous, was perspiring profusely, and stuttered when he talked, the defendant was coherent and indicated that he understood his *Miranda* warnings. Once the warnings had been administered, the defendant agreed to talk to the officers. He explained that he and his girlfriend had had an argument, during which she produced a knife. When he managed to take the knife away from her, he started swinging it around. He also swung the knife at her mother when she pursued him, before finally putting it down and running out of the building.

On appeal, the defendant claims that his severe intoxication prevented him from giving a valid waiver of his *Miranda* rights, and thus the hearing court erred in not suppressing his statement. We disagree. Evidence of intoxication, without more, will not bar the reception of a defendant's custodial statement into evidence *(see, People v Schompert,* 19 NY2d 300, 305, *cert denied* 389 US 874). Unless an inquiry establishes that at the time of the making of the statement the defendant was intoxicated to the degree of mania, or unable to understand the meaning of his statement, it will be admissible *(People v Schompert, supra; see also, People v San Juan,* 168 AD2d 648; *People v Colonna,* 147 AD2d 582, 583; *People v Perry,* 144 AD2d 706; *People v Roth,* 139 AD2d 605, 606). Since neither has been established here, the statement was properly admitted.

The defendant further claims that the evidence was not legally sufficient to sustain his convictions. He argues first that his severe intoxication precluded him from forming the

intent required to commit all three crimes of which he was convicted. The defendant failed to preserve this issue for appellate review as he did not move for a trial order of dismissal on that specific ground *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858, 859). In any event, the general rule is that an intoxicated person may form the required intent to commit a crime, and it is for the jury to decide if the extent of the intoxication later acted to negate the element of intent *(see, People v Rivera,* 170 AD2d 625, 626; *People v Robinson,* 161 AD2d 676; *People v Lang,* 143 AD2d 685).

Viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant acted with the intent to kill his girlfriend and to seriously injure her mother, despite his intoxication. That intent was shown, *inter alia,* by his deliberate actions and by the number and depth of the stab wounds on the women's bodies *(see, People v Moss,* 163 AD2d 198; *People v Reyes,* 108 AD2d 934). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Harwood and Pizzuto, JJ., concur.