■ The People of the State of New York, Respondent, v Peter A. Scott, Appellant.—Casey, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), rendered October 5, 1990 in Broome County, upon a verdict convicting defendant of the crime of burglary in the second degree.

On May 12, 1990, Jacob Triffo and his wife, who resided on Murray Street in the City of Binghamton, Broome County, were awakened by the sounds of an intruder walking in the unoccupied second floor of their home. Triffo, aged 70 years, took a hammer and a flashlight with him to the second floor to investigate. Defendant, who was then unknown to Triffo, was found hiding in a small space between a bed and a wall. Defendant smelled of alcohol. When defendant was awakened he lunged at Triffo, who then struck him in the head with the hammer. Defendant's head was bleeding as he scurried from the building. The police arrived too late to apprehend defendant. Their search disclosed a tan cabbie's hat in the bedroom and a trail of blood that they followed from the apartment to a driveway of 54 Gerard Avenue. A fingerprint was discovered in the blood and was later identified as belonging to defendant. Initially, police had no leads as to the perpetrator of the burglary. Triffo had described defendant as a slightly built, clean shaven, black male wearing a green sweater.

Because the burglary was similar to others committed in the area, inquiries were made to State Division of Parole and defendant became a possible suspect. A parole officer took a member of the Binghamton Police Department to defendant's residence where defendant willingly agreed to accompany the officers to the station. There defendant was advised of and waived his *Miranda* rights. In the course of the conversation, defendant denied his involvement in any of the burglaries. He indicated that he had no recollection of his whereabouts

during the early hours of May 12, 1990 because of his intoxication. Defendant admitted that the hat which was found at the Triffo residence was similar to a cap that he owned. He explained his head injury as occurring during a fight at a party, although the version given his wife was that he was injured in a fight with a motorist in Orange County, who had struck his daughter with a car. At about this time defendant requested to speak with an attorney and all questioning ceased.

Defendant was indicted for the burglary of the Triffo residence. His motion to suppress his oral statements was denied. At trial defendant introduced proof of his intoxication on May 11, 1990 and the early morning hours of May 12, 1990. Based on the evidence outlined above, defendant was found guilty as charged of burglary in the second degree. Defendant was sentenced as a second felony offender to an indeterminate term of imprisonment of 5 to 10 years.

On this appeal defendant argues that the verdict was against the weight of the evidence. We disagree. The testimony as accepted by the jury supported all the elements of the crime and defendant's connection with the crime. Contrary to defendant's claim that his intoxication precluded his conviction, we believe that Supreme Court properly charged the jury on this issue to the effect that intoxication is a fact which may be considered to negate the intent element of the crime charged *(see, People v Danaher,* 115 AD2d 905, 906; *see also,* Penal Law § 15.25). The determination of the jury on the issues should not be disturbed on appeal unless it is clearly unsupported by the record *(see, e.g., People v Lang,* 143 AD2d 685, 686; *see generally, People v Love,* 177 AD2d 794, 797, *lv denied* 79 NY2d 860). Viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), it must be concluded that the verdict is supported by the weight of the evidence *(see, e.g., People v Lang, supra).*

Defendant further argues that the instructions to the Grand Jury were legally inadequate. Instructions to the Grand Jury need not be as precise as those given to a petit jury, but they may not be so misleading or incomplete as to substantially undermine the integrity of the Grand Jury proceedings *(People v Caracciola,* 78 NY2d 1021, 1022). That is not the situation here and we find defendant's claimed defect in the Grand Jury proceedings to be untenable *(see, People v Calbud, Inc.,* 49 NY2d 389, 394-395).

Defendant also alleges error in permitting the testimony of defendant's conduct at a local tavern prior to the burglary.

This testimony was offered by a "bouncer" in the bar who was called by defendant to establish defendant's intoxicated condition on the night of the crime. On his direct testimony, the bouncer testified that defendant was escorted out of the bar because of "a complaint from a couple of the patrons that (the defendant) was disturbing them and bothering them". This testimony was elicited on direct examination because it bore on defendant's intoxicated condition. To contradict such testimony, the prosecutor was allowed on cross examination to elicit testimony from the bouncer that defendant's ejection from the bar was because two female customers had complained that defendant had bitten their "bottoms". We find no error in the admission of this testimony because defendant had opened the door regarding the reason for his ejection from the bar.

Defendant claims that the sentence was excessive. Based upon the nature of the crime committed and defendant's prior conviction, we see no reason to disturb the sentence imposed by Supreme Court (see, People v Du Bray, 76 AD2d 976, 977). We have examined the other arguments urged by defendant for reversal and have found them meritless. One of these arguments is that defendant was deprived of a fair trial because the prosecutor failed to disclose the existence of a tape recording of defendant's voice. There were no recordings of defendant's voice taken in connection with the Binghamton Police Department's investigation of the Triffo burglary. The recording of defendant's voice was made in connection with the State Police investigation of other similar burglaries. No error having been demonstrated that requires reversal, the judgment of conviction should be affirmed.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed.