THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANE DORST, Appellant. [598 NYS2d 800] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered December 21, 1990, convicting her of arson in the second degree, burglary in the second degree, reckless endangerment in the second degree, and criminal mischief in the third degree, upon a jury verdict, and imposing sentence of concurrent indeterminate terms of 10 to 20 years imprisonment, 5 to 10 years imprisonment, 3½ to 7 years imprisonment, and 2 to 4 years imprisonment.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the indeterminate term of 10 to 20 years imprisonment to an indeterminate term of 7½ to 15 years imprisonment; as so modified, the judgment is affirmed.

The defendant's claim that her severe intoxication precluded her from forming the intent required to commit all of the crimes of which she was convicted is unpreserved for appellate review, as she did not move for a trial order of dismissal on that specific ground *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858, 859; *People v Angel,* 185 AD2d 356). In any event, the general rule is that an intoxicated person may form the required intent to commit a crime, and it is for the jury to decide if the extent of the intoxication acted to negate the element of intent *(see, People v Rivera,* 170 AD2d 625, 626; *People v Robinson,* 161 AD2d 676). Viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant acted with the intent to enter a building and set a fire. That intent was shown by her repeated threats to building residents and her deliberate action of breaking in the front door to gain access to her room *(see, People v Angel, supra).* Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's sentence was excessive to the extent indicated herein.

The defendant's remaining contentions are either unpre-

served for appellate review or without merit. Mangano, P. J., Thompson, Balletta and Lawrence, JJ., concur.