■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ERIC PABELLON, Respondent. [603 NYS2d 840] —Order of the Supreme Court, Bronx County (Joseph Fisch, J.), entered on or about December 22, 1992, which, *inter alia,* granted the defendant's motion to dismiss the first count of Indictment Number 6297/92 charging defendant with attempted murder in the second degree, unanimously reversed on the law and the facts, and the first count of the indictment is reinstated.

The victim testified before the grand jury that the defendant, after being refused a sip of the victim's beer, said he would "whack" the victim if the victim did not give him the beer. Moments later when the victim attempted to give the beer to the defendant, the defendant grabbed the victim by

the head and slashed him in the throat with a box cutter. Hospital records submitted to the grand jury showed that the victim suffered a six to eight inch wound near the upper border of the thyroid cartilage close to the carotid artery requiring sixteen internal and sixteen external stitches to close.

We find that the above evidence, viewed in the light most favorable to the People *(People v Jennings,* 69 NY2d 103, 114), constituted prima facie proof of defendant's intent to kill the victim and was therefore legally sufficient to sustain the charge of attempted murder in the second degree. The location and size of the wound, along with the manner it was inflicted are strong evidence of defendant's intent to kill *(see, People v Guzman,* 180 AD2d 469, 471-472). Moreover, the defendant's statement that he would "whack" the victim was also evidence of that intent, given that the usual meaning attributed to the slang term is "to kill" *(see, People v Burke,* 128 AD2d 542, 544). Concur—Murphy, P. J., Carro, Ross and Asch, JJ.