defendant's ability to pay, are unpreserved for appellate review (*see, People v Ali,* 233 AD2d 517; *People v Jackson,* 227 AD2d 644; *People v Brown,* 224 AD2d 437). Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD TAYLOR, Appellant. [666 NYS2d 445] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered August 2, 1995, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his guilt of the crime of burglary in the third degree beyond a reasonable doubt because his intoxication rendered him incapable of knowingly entering or remaining in a building with "the intent to commit a crime therein" (Penal Law § 140.20). However, "even an intoxicated person may be capable of forming the requisite intent" to commit a crime (*People v Robinson,* 161 AD2d 676), and it is for the jury to determine if the defendant's intoxication negated the element of intent (*see, People v King,* 224 AD2d 547; *People v Dorst,* 194 AD2d 622; *People v Robinson, supra).* Viewing the evidence adduced at trial in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant broke into a store with the requisite intent to commit a crime therein. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are unpreserved for appellate review or are without merit. Mangano, P. J., Copertino, Krausman and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD WATSON, Appellant. [666 NYS2d 443] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered September 25, 1995, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47

NY2d 606). Bracken, J. P., Pizzuto, Altman, Krausman and Lerner, JJ., concur.