■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEYMOUR LAWRENCE, Appellant. [681 NYS2d 44] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ferdinand, J.), rendered April 9, 1996, convicting him of kidnapping in the second degree, burglary in the first degree, unlawful imprisonment in the first degree, vehicular assault in the second degree, criminal contempt in the first degree, reckless endangerment in the first degree, criminal contempt in the second degree (two counts), and operating a motor vehicle under the influence of alcohol, upon a jury verdict, and sentencing him to indeterminate terms of 8⅓ to 25 years imprisonment on the conviction for kidnapping in the second degree; an indeterminate term of 5 to 15 years on the conviction for burglary in the first degree to run consecutively to the sentence imposed on the kidnapping conviction; an indeterminate term of 1⅓ to 4 years imprisonment on the conviction for unlawful imprisonment in the first degree, to run consecutively to the sentences imposed on the convictions for kidnapping and bur-

glary; an indeterminate term of 1⅓ to 4 years on the conviction for vehicular assault, to run consecutively to the sentences imposed on the convictions for kidnapping, burglary, and unlawful imprisonment; an indeterminate term of 1 to 3 years imprisonment on the conviction for criminal contempt in the first degree, to run consecutively to the sentences imposed on the convictions for kidnapping, burglary, unlawful imprisonment, and vehicular assault; an indeterminate term of 2⅓ to 7 years imprisonment on the conviction for reckless endangerment; and a term of one year imprisonment on each of the convictions for criminal contempt in the second degree and operating a motor vehicle while under the influence of alcohol, to run concurrently to each other and to the sentences imposed on the other convictions.

Ordered that the judgment is modified, on the law, to provide that the indeterminate term of imprisonment imposed on the conviction for unlawful imprisonment in the first degree shall run concurrently with the sentence imposed on the conviction for kidnapping in the first degree, the indeterminate term of imprisonment imposed on the defendant's conviction for burglary in the first degree shall run consecutively to the sentences imposed on both the kidnapping and unlawful imprisonment convictions, the indeterminate term of imprisonment imposed on the conviction for criminal contempt in the first degree shall run concurrently to the sentence imposed on the conviction for vehicular assault in the second degree, and consecutively to the sentences imposed on the kidnapping, unlawful imprisonment, and burglary convictions; as so modified, the judgment is affirmed.

The defendant's contention that the People failed to prove that he possessed the specific intent necessary to commit the crimes of kidnapping in the second degree, burglary in the first degree, unlawful imprisonment in the first degree, and criminal contempt in the first degree is without merit. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]; *People v Bleakley,* 69 NY2d 490; *People v Goodman,* 152 AD2d 705).

We modify the judgment, however, to reflect the imposition of lawful sentences with respect to the counts of kidnapping in the second degree and unlawful imprisonment in the first degree, and vehicular assault in the second degree and criminal contempt in the first degree (*see,* Penal Law § 15.00 [1]; § 70.25 [2]; *People v Laureano,* 87 NY2d 640; *People v Kirkwood,* 165 AD2d 881; *cf., People v Brathwaite,* 63 NY2d 839).

The defendant's remaining contention is without merit. Miller, J. P., Altman, McGinity and Luciano, JJ., concur.