■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN JAGOO, Appellant. [768 NYS2d 650]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered February 26, 2002, convicting him of robbery in the second degree (two counts), criminal possession of a weapon in the fourth degree, criminal possession of stolen property in the fifth degree, and resisting arrest, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his guilt of the crimes charged by legally sufficient evidence because his intoxication rendered him incapable of forming the requisite criminal intent (*see* Penal Law § 15.25). Initially, this argument is unpreserved for appellate review because the defendant did not raise this claim with specificity in his motion for a trial order of dismissal (*see* CPL 470.05 [2]; *People v Dorst,* 194 AD2d 622 [1993]). In any event, the general rule is that an intoxicated person can form the requisite criminal intent to commit a crime, and it is for the trier of fact to decide if the extent of the intoxication acted to negate the element of intent (*see People v Dorst, supra; People v Taylor,* 245 AD2d 399 [1997]; *People v Bergamini,* 223 AD2d 548, 549-550 [1996]; *People v O'Keefe,*

191 AD2d 464, 465 [1993]; *People v Angel,* 185 AD2d 356, 358 [1992]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Prudenti, P.J., S. Miller, H. Miller and Adams, JJ., concur.