■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER GILL, Appellant. [798 NYS2d 507]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Smith, J.), rendered September 19, 2001, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court properly declined to suppress the defendant's statements to law enforcement officials. The defendant, who had a history of prior arrests, was informed of his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]), understood them, and impliedly waived them by continuing to speak with the police (*see People v Sirno,* 76 NY2d 967, 968 [1990]; *People v Davis,* 55 NY2d 731, 733 [1981]; *People v Hastings,* 282 AD2d 545, 546 [2001]; *People v Strother,* 234 AD2d 571, 572 [1996]; *People v Scott,* 154 AD2d 719 [1989]; *People v Giano,* 143 AD2d 1040, 1041 [1988]).

Where a defendant requests the submission of a lesser-included offense to the jury, the defendant will not be heard to argue on appeal that the evidence was legally insufficient to support this charge (*see People v Shaffer,* 66 NY2d 663, 665 [1985]; *People v Legacy,* 4 AD2d 453 [1957]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see* Penal Law § 125.20 [1]). The evidence that the victim sustained several stab wounds to the chest, including two that entered her heart and lung, and one that went through the heart into the esophagus, established the defendant's intent to cause serious physical injury (*see People v Barnes,* 265 AD2d

169 [1999]; *People v Angel,* 185 AD2d 356, 358 [1992]). Whether his alleged use of cocaine negated the element of intent was a matter for the jury to decide (*see People v Jagoo,* 2 AD3d 750 [2003]; *People v Angel, supra; People v Goodman,* 152 AD2d 705, 706 [1989]).

The defendant failed to demonstrate that he was substantially prejudiced by any allegedly improper comments by the prosecutor on summation (*see People v White,* 196 AD2d 641 [1993]), or that the trial court's instructions failed to cure any prejudice (*see People v Santiago,* 52 NY2d 865, 866 [1981]; *People v Cabrera,* 11 AD3d 552, 553 [2004]). S. Miller, J.P., Luciano, Crane and Lifson, JJ., concur.