■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLVIN ORTIZ, Appellant. [846 NYS2d 370]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered February 28, 2005, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant possessed the intent to kill the decedent (*see* Penal Law § 125.25 [1]; *People v Pabellon*, 198 AD2d 87, 88 [1993]; *People v Angel*, 185 AD2d 356, 358 [1992]; *People v Reyes*, 108 AD2d 934 [1985]). Moreover, upon the

exercise of our factual review power (see CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]).

The defendant's contention that the trial court erred in permitting a witness and the prosecutor to repeatedly refer to the defendant by his nickname is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Crowder*, 2 AD3d 454, 454-455 [2003]; *People v Caver*, 302 AD2d 604 [2003]). In any event, any error in allowing the references was harmless, as the evidence of the defendant's guilt, without reference to the alleged error, was overwhelming, and there is no significant probability that the error contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 242 [1975]; *People v Santiago*, 255 AD2d 63, 66 [1999]).

The defendant contends that a particular remark made by the prosecutor during his opening statement, as well as certain remarks the prosecutor made on summation, were improper. Since the defendant never objected to the remark made during the prosecutor's opening statement, his contention with respect to that remark is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Arroyo*, 309 AD2d 870, 871 [2003]). To the extent that the challenged remarks might have been improper, we find that they constituted harmless error (*see People v Crimmins*, 36 NY2d at 241-242; *People v Adamo*, 309 AD2d 808, 809 [2003]; *People v Diaz*, 239 AD2d 518, 519 [1997]).

The defendant was not deprived of his right to the effective assistance of counsel. Taking into consideration the totality of the evidence, the law, and the circumstances of the case, it is evident that trial counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 86 [1982]). Schmidt, J.P., Skelos, Covello and Balkin, JJ., concur.