■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY CELESTINE, Appellant. [665 NYS2d 278] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered May 2, 1995, convicting him of criminal possession of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant challenges the Trial Judge's acceptance, as nonpretextual, of the People's explanations for challenging two black venirepersons in the third round of jury selection. The People, having offered facially-neutral reasons for challenging these two jurors, satisfied their burden in overcoming an inference of discrimination (*see, People v Batson,* 476 US 79, 96-98; *People v Allen,* 86 NY2d 101). The burden then shifted back to the defendant to establish that these explanations were merely pretextual (*see, People v Allen, supra*). The defendant offered brief arguments in attempting to show that the People's explanations were pretextual. Since the People's explanations were facially-neutral and supported by the record, we refuse to disturb the determination of the Trial Judge, who was in the best position to observe counsel's demeanor and assess his credibility (*see, People v Jupiter,* 210 AD2d 431).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is without merit. Mangano, P. J., Rosenblatt, Pizzuto and Luciano, JJ., concur.