■ The People of the State of New York, Respondent, v Abdel Hamilton, Appellant. [771 NYS2d 104]—

Judgment, Supreme Court, Bronx County (Robert Cohen, J.), rendered February 24, 1999, convicting defendant, after a jury trial, of manslaughter in the first degree, assault in the first degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, and sentencing him to an aggregate term of 27½ to 55 years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (see People v Gaimari, 176 NY 84, 94 [1903]), and the jury's mixed verdict does not warrant a different result (see People v Rayam, 94 NY2d 557 [2000]). Contrary to defendant's contention, the scientific evidence did not contradict the eyewitnesses' testimony. Furthermore, there was a lengthy chain of corroborating evidence.

The court properly admitted, as consciousness of guilt evidence, documents wherein the author refers to the instant case in great detail and calls upon his fellow gang members to murder the witnesses against him. The inference is inescapable, from the contents of the documents and the circumstances under which they were discovered, that defendant was the author (see e.g. People v Thomas, 272 AD2d 892 [2000], lv denied 95 NY2d 858 [2000]; see also People v Lynes, 49 NY2d 286, 291-293 [1980]). The introduction of a photocopy did not violate the best evidence rule since the People sufficiently explained the unavailability of the primary evidence and did not procure its loss or destruction in bad faith (see Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 643-644 [1994]). The court properly admitted evidence of defendant's affiliation with the Bloods gang, since this evidence was highly relevant to explain

the documents in question and to establish that defendant was the author of the letter (*see People v Boyd,* 164 AD2d 800, 803 [1990], *lv denied* 77 NY2d 904 [1991]). Defendant's various procedural claims regarding these documents are unavailing.

The admission into evidence of a piece of paper containing defendant's girlfriend's name and phone number, which defendant had given to a police informant, did not violate defendant's right to counsel, since this item was not an incriminating statement deliberately elicited by an agent of the government, nor was it part of a process of interrogation (*Kuhlmann v Wilson,* 477 US 436, 459 [1986]; *Maine v Moulton,* 474 US 159, 176 [1985]).

We have considered and rejected defendant's remaining claims. Concur—Buckley, P.J., Mazzarelli, Saxe, Sullivan and Rosenberger, JJ.