■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL GARVIN, Appellant. [802 NYS2d 689]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered July 3, 2003, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of 15 years, unanimously affirmed.

The court properly imposed an enhanced sentence after a thorough inquiry into whether defendant had violated a condition of his plea (*see People v Outley*, 80 NY2d 702, 713 [1993]). The evidence before the sentencing court clearly established defendant's guilt of the misconduct at issue, and he was not entitled to an evidentiary hearing (*see People v Amaker*, 299 AD2d 238 [2002], *lv denied* 99 NY2d 625 [2003]). The People presented compelling documentary evidence leading to an inescapable inference that defendant was the author of a threatening letter, and that he made phone calls that also violated the plea conditions (*cf. People v Hamilton*, 3 AD3d 405 [2004], *mod on other grounds* 4 NY3d 654 [2005]).

The court properly denied defendant's motion to vacate his plea (*see People v Frederick*, 45 NY2d 520 [1978]). The record establishes that the plea was knowing, intelligent and voluntary, and that defendant's claim of duress was groundless. Concur—Buckley, P.J., Tom, Mazzarelli, Marlow and Catterson, JJ.