■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL MELSON, Appellant. [833 NYS2d 412]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Gazzillo, J.), rendered May 1, 2006, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JINDRICH NOVAK, Appellant. [835 NYS2d 522]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Erlbaum, J.), imposed September 21, 2005, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed. No opinion. Prudenti, P.J., Rivera, Goldstein, Dillon and McCarthy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN PATTERSON, Appellant. [833 NYS2d 411]—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered March 21, 2005, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the Supreme Court erred in failing to require the prosecution to provide a race-neutral explanation for a peremptory challenge to a black potential juror exercised during the first round of voir dire (*see People v James,* 99 NY2d 264 [2002]; *People v Figueroa,* 276 AD2d 561 [2000]; *People v Caston,* 239 AD2d 355 [1997]; *People v Font,* 223 AD2d 600 [1996]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Spolzino, J.P., Krausman, Skelos and Dickerson, JJ., concur.