■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HAIGLER, Appellant. [843 NYS2d 36]—

Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered March 16, 2005, convicting defendant, after a jury trial, of three counts of robbery in the first degree and sentencing him, as a second felony offender, to concurrent terms of 20 years to life, unanimously affirmed.

The court properly admitted evidence of telephone calls made to two prosecution witnesses on the eve of trial. There was ample proof, including credible voice recognition testimony and circumstantial evidence, to establish that defendant was the maker of the calls (see People v Lynes, 49 NY2d 286, 291-293 [1980]; People v Hamilton, 3 AD3d 405 [2004], mod on other grounds 4 NY3d 654 [2005]), and these serious attempts at witness tampering were highly probative of defendant's consciousness of guilt. In addition, there was a sufficient foundation upon which the People could make a fair argument that these calls influenced a third witness to change his testimony to make it more favorable to defendant. The court properly exercised its discretion in denying defendant's belated mistrial motion made when a witness, in recounting these phone calls, made reference to plea negotiations involving defendant. A curative instruction would have sufficed to prevent any prejudice, but defendant declined that remedy, insisting only on the unwarranted remedy of a mistrial (see People v Santiago, 52 NY2d 865 [1981]; People v Young, 48 NY2d 995 [1980]).

Although the prosecutor made a summation comment that inaccurately stated the evidence, this error did not deprive defendant of a fair trial (see People v D'Alessandro, 184 AD2d 114, 118-119 [1992], lv denied 81 NY2d 884 [1993]). The prosecutor's summation remark that defendant had engaged in manipulative

behavior constituted fair comment on the evidence (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]). Defendant's remaining summation claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it.

For the reasons stated in our decision in *People v Lemos* (34 AD3d 343 [2006], *lv denied* 8 NY3d 924 [2007]), we find unpreserved defendant's argument that the court unlawfully imposed a mandatory surcharge and fees when it did so only in writing, and we decline to convict in the interest of justice. Were we to review it, we would find it without merit. Concur— Andrias, J.P., Sullivan, Catterson, McGuire and Malone, JJ.