Abdel HAMILTON, Petitioner,

v.

WARDEN OF CLINTON COR-
RECTIONAL FACILITY,
Respondent.

No. 07 Civ. 1866(VM).

United States District Court,
S.D. New York.

July 1, 2008.

As Amended Aug. 25, 2008.

Abdel Hamilton, Coxsackie, NY, Pro se.

Mary Jo L. Blanchard, Bronx District Attorney Office, Bronx, NY, for Respondent.

## *AMENDED DECISION AND ORDER*

VICTOR MARRERO, District Judge.

Pro se petitioner Abdel Hamilton ("Hamilton") brought the petition in this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent (the "State") moved to dismiss the petition pursuant to Fed.R.Civ.P. 12(b)(6) and 28 U.S.C. § 2244(d)(1) on the ground that the action is time-barred. The State filed the instant motion with this Court on April 18, 2008 on Notice of Motion dated April 16, 2008 (the "Notice"), a copy of which was sent to Hamilton. The Notice indicated that the motion was returnable on May 5, 2008. Hamilton has neither responded to the motion, nor sought an extension to do so. Accordingly, the Court deems the motion unopposed and thus will rule upon it on the basis of the papers received. By Order dated June 27, 2008, the Court granted the motion and indicated that its reasoning, findings and conclusions would be stated in a subsequent decision and order. Accordingly, for the reasons described below, the State's motion to dismiss Hamilton's petition is GRANTED.

### I. *BACKGROUND*

Hamilton was convicted on February 24, 1999 by a jury in New York State Supreme Court, Bronx County (the "Trial Court") of Manslaughter in the First Degree, Assault in the First Degree, Criminal Possession of a Weapon in the Second Degree (the "Weapon Charge"), and Reckless Endangerment in the First Degree. For these charges, he was sentenced to consecutive terms of imprisonment of 12 ½ to 25 years for manslaughter, 7½ to 15 years for assault, and 7½ to 15 years for

the Weapon Charge, and a concurrent term of 2⅓ to 7 years for reckless endangerment. On appeal to the New York State Supreme Court, Appellate Division (the "Appellate Division"), Hamilton raised several points alleging denial of his right to a fair trial and due process. Specifically, he challenged the insufficiency of the evidence and the Trial Court's improper admission of various items of evidence, as well as the imposition of a consecutive sentence for the Weapon Charge. The Appellate Division affirmed the conviction. *See People v. Hamilton,* 3 A.D.3d 405, 771 N.Y.S.2d 104 (1st Dep't 2004). On June 7, 2005, the New York Court of Appeals, having granted leave to appeal, affirmed Hamilton's conviction, but modified the Appellate Division's judgment by vacating the consecutive sentence for the Weapon Charge and ordering a, resentencing. *See People v. Hamilton,* 4 N.Y.3d 654, 797 N.Y.S.2d 408, 830 N.E.2d 306 (2005). Hamilton did not seek a writ of certiorari from the United States Supreme Court to appeal the affirmance of his conviction within the 90 days allowed by 28 U.S.C. § 2101(d), nor did he appeal his resentencing by the Trial Court on August 10, 2005. The judgment of his conviction therefore became final on September 5, 2008.

Hamilton filed an original habeas petition with this Court that was marked "received" by the Court's Pro Se Office on January 22, 2007. In it, he acknowledged that the petition was not filed within the applicable one-year period of limitations. Hamilton attributed the untimeliness to his mistaken belief that his request for a writ of certiorari was still pending with the New York State Court of Appeals. By Order of this Court dated March 5, 2007, Hamilton was directed to file an amended petition within 60 days. Hamilton filed an amended petition on May 1, 2007. To address the timeliness issue, he sought equitable tolling of the statute of limitation for a period from March 9, 2006 to October

26, 2006, allegedly because he had requested an inmate law clerk to submit an application for a writ of error for submission to a state court and later found out that the motion papers were never filed. He explains that this event was the reason for his failure to file a timely habeas petition in this Court.

## II. *DISCUSSION*

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by an inmate in state custody must be filed within one year of the date the judgment became final upon direct review by the highest state court, or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1). Because for habeas appeal purposes the State Court of Appeals's June 7, 2005 affirmance of Hamilton's conviction became final on September 5, 2005, which was 90 days from the date of the judgment, Hamilton had one year from that date to file his petition with this Court. According to documents submitted by the State in connection with this motion, Hamilton's petition was actually filed on January 18, 2007, the date he submitted the documents to prison officials for mailing to the Court. *See Noble v. Kelly,* 246 F.3d 93, 97–98 (2d Cir.), *cert. denied,* 534 U.S. 886, 122 S.Ct. 197, 151 L.Ed.2d 139 (2001). The petition was received by the Court on January 22, 2007, and thus actually filed about four and one-half months past the deadline imposed by the AEDPA.

To overcome the consequence of his untimely filing, Hamilton seeks an equitable tolling of the statute of limitations for a period of approximately seven and one-half months from March 9, 2006 to October 26, 2006 by reason of the alleged failure of an inmate law clerk to file a state writ of error on his behalf. The Court is not persuaded that Hamilton has demonstrat-

ed the "rare and exceptional circumstances" or sufficient exercise of due diligence to justify equitable tolling in this case. *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000).

Hamilton fails to explain what pertinent connection the state writ of error application had with his filing of a habeas petition in this Court. As far as the Court is aware, once the Court of Appeals' judgment became final there were no further prerequisites or other legal impediments preventing Hamilton from filing a habeas petition. Nor, assuming there were some substantive relationship between the two applications, does Hamilton make clear why, after his repeated requests to the inmate law clerk went unanswered during a period of about six months, he could not have proceeded to file the writ of error himself. *See Eiland v. Conway,* No. 03 Civ. 4208, 2004 WL 1961564, at *5 (S.D.N.Y. Sept. 2, 2004) (noting that "[e]quitable tolling cannot be based on a petitioner's mistaken belief that a state application's pending when petitioner himself has failed properly to file the state application."); *see also United States v. Cicero,* 214 F.3d 199, 204–05 (D.C.Cir.2000) (denying equitable tolling where petitioner had entrusted the processing of his legal documents to a jailhouse lawyer). Hamilton had ultimate responsibility for managing the preparation and timely filing of his habeas petition, and neither his entrusting some aspect of it to another person, or his own ignorance of the filing deadlines, constitutes sufficient "extraordinary circumstances" to warrant equitable tolling. *See Doe v. Menefee,* 391 F.3d 147, 175, 177 (2d Cir.2004); *Smaldone v. Senkowski,* 273 F.3d 133, 138 (2d Cir.2001). There is no evidence here that any prison officials or other State authorities, or anyone else acting on Hamilton's behalf, engaged in sufficiently egregious conduct or took any extraordinary action to preclude or delay the filing of Hamilton's habeas petition. *See*

*Baldayaque v. United States,* 338 F.3d 145, 152–53 (2d Cir.2003); *Valverde v. Stinson,* 224 F.3d 129, 133 (2d Cir.2000). Accordingly, Hamilton's petition must be rejected as untimely.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the Court's Decision and Order herein dated June 27, 2008 is amended to incorporate the discussion above; and it is finally

**ORDERED** that the motion (Docket No. 11) of respondent to dismiss the petition of Abdel Hamilton for a writ of habeas corpus is GRANTED.

**SO ORDERED.**