■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRELL GRAY, Appellant. [912 NYS2d 893]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Crecca, J.), rendered December 18, 2006, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. By decision and order of this Court dated December 22, 2009, the appeal was held in abeyance and the matter was remitted to the County Court, Suffolk County, to hear and report on the defendant's challenge to the prosecutor's exercise of a peremptory challenge against a black venireperson (*see People v Gray*, 68 AD3d 1131 [2009]). The Supreme Court has filed its report.

Ordered that the judgment is affirmed.

Upon remittal, the County Court properly concluded that the defendant's *Batson* challenge was without merit (*see Batson v Kentucky*, 476 US 79 [1986]).

The County Court providently exercised its discretion in removing a sworn juror in the midst of jury selection (*see People v Oyewole*, 220 AD2d 624 [1995]; *see also People v Buford*, 69 NY2d 290, 299 [1987]).

The County Court improvidently exercised its discretion in denying the defendant's request to redact two brief portions of a videotape of a crime scene walk-through in which the victim's body could be seen, as those portions are prejudicial and immaterial (*see People v Stevens*, 76 NY2d 833, 835 [1990]; *People v Pobliner*, 32 NY2d 356, 370 [1973]). However, any error in admitting the entire videotape into evidence was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Paulman*, 5 NY3d 122, 134 [2005]; *People v Martin*, 54 AD3d 776, 777 [2008]; *cf. People v Heman*, 198 AD2d 434, 435 [1993]).

The defendant's contention that the evidence was not legally sufficient to support the conviction is not preserved for appellate review, as defense counsel merely made a general motion for a trial order of dismissal, asserting that the People failed to establish a prima facie case (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Balkin, Belen and Chambers, JJ., concur.