■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SAMMS, Appellant. [921 NYS2d 317]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Holdman, J.), rendered July 23, 2007, convicting him of assault in the first degree, robbery in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The determination at stage three of the *Batson* inquiry (*see Batson v Kentucky*, 476 US 79 [1986]; *People v Wells*, 7 NY3d 51, 58 [2006]), whether a facially valid reason for challenging a prospective juror is genuine or pretextual, is purely an issue of fact (*see Miller-El v Cockrell*, 537 US 322, 339 [2003]; *People v Hecker*, 15 NY3d 625, 656 [2010], *cert denied sub nom. Black v New York*, 563 US —, 131 S Ct 2117 [2011]), and turns largely on the court's credibility determination, which is entitled to great deference on appeal (*see People v Hernandez*, 75 NY2d 350, 356 [1990]; *People v Scott*, 70 AD3d 978, 980 [2010]; *People v Parnell*, 60 AD3d 1087 [2009]; *People v McLaurin*, 47 AD3d 843 [2008]). Here, we decline to disturb the trial court's finding on the People's "reverse-*Batson*" challenge that the facially race-neutral reason proffered by defense counsel to explain his peremptory challenge of a particular white juror was pretextual. Although the record is equivocal as to whether that juror's response to questioning about the presumption of innocence was meaningfully different from a particular black juror's response to a similar question (*cf. People v Russo*, 243 AD2d 658, 659-660 [1997]),

we cannot say that the trial court, which observed the jurors when they answered those questions and was in the best position to assess whether defense counsel's reason was genuine or pretextual, erred in finding it pretextual (*see People v Scott*, 70 AD3d at 980). We likewise decline to disturb the trial court's stage three determination that the prosecutor's stated reasons for his peremptory challenges of three black prospective jurors were not pretextual (*see People v Hecker*, 15 NY3d at 663-664; *People v Wells*, 7 NY3d at 58; *People v Thompson*, 45 AD3d 876, 877 [2007]).

While defense counsel's representation of the defendant was not flawless, we find that the defendant was not deprived of his right to the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 711 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Viewed in its totality, defense counsel's vigorous and dedicated performance satisfied constitutional standards (*see People v Henry*, 95 NY2d 563, 565 [2000]; *Strickland v Washington*, 466 US at 687, 694).

We reject the defendant's contention that the sentencing court violated Penal Law § 70.25 (2) by imposing consecutive sentences on his conviction of robbery in the first degree under the fourth count submitted (Penal Law § 160.15 [2]), and his conviction of assault in the first degree (Penal Law § 120.10 [1]). Although those two convictions arose out of a single transaction, the acts constituting the assault and that count of robbery in the first degree were separate and distinct (*see People v McKnight*, 16 NY3d 43, 48 [2010]; *People v Battles*, 16 NY3d 54 [2010]; *cf. People v Marte*, 52 AD3d 737, 737-738 [2008], *affd* 12 NY3d 583 [2009], *cert denied* 559 US —, 130 S Ct 1501 [2010]; *People v Bryant*, 39 AD3d 768, 769 [2007]). Angiolillo, J.P., Balkin, Leventhal and Sgroi, JJ., concur.