■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HAYES, Appellant. [922 NYS2d 79]—

Judgment, Supreme Court, New York County (Gregory Carro, J., at suppression hearing; Robert H. Straus, J., at jury trial and sentencing), rendered October 10, 2006, as amended October 24, 2006, convicting defendant of robbery in the first degree, assault in the second degree, criminal possession of stolen property in the fourth degree and two counts of criminal possession of stolen property in the fifth degree, and sentencing him, as a second violent felony offender, to an aggregate term of 29 years, unanimously affirmed.

The hearing court properly denied defendant's motion to suppress identification testimony, and properly exercised its discretion in denying defendant's request to call the victim as a witness. The evidence adduced at the hearing did not raise any substantial issue as to the constitutionality of the lineup that could only be resolved through the victim's testimony (see People v Abrew, 95 NY2d 806, 808 [2000]; People v Chipp, 75 NY2d 327, 337-338 [1990], cert denied 498 US 833 [1990]).

Initially, we note that the hearing court credited the testimony of the officer who conducted the lineup that he was unaware that a chain had been stolen during the robbery. During the lineup, defendant was wearing a chain that the victim later identified as the one that had been taken from him. None of the other lineup participants were wearing chains. Defendant argues that the identification could have been influenced by that fact, and that the victim's testimony was necessary to determine whether he noticed the chain.

When a defendant, even unbeknownst to the police, is the only lineup participant wearing an article that a witness associ-

ates with the crime, the lineup may be unconstitutionally suggestive (*Raheem v Kelly*, 257 F3d 122, 137 [2d Cir 2001], *cert denied sub nom. Donnelly v Raheem*, 534 US 1118 [2002]). Here, however, the record, including the lineup photographs, supports the hearing court's finding that the chain was barely visible, if at all, during the lineup because it was almost completely covered by defendant's shirt. Furthermore, the record establishes that the victim's chain was a large chain with a cross. The hearing court accurately observed that so little of the chain was visible at the lineup, it is highly unlikely that the victim would have recognized the chain as his own. This inference is strongly supported by the officer's conversation with the victim after the lineup. At that time, the victim listed property that had been taken during the robbery and mentioned a chain. However, the victim said nothing about having seen the chain during the lineup. Had the victim noticed the chain at that time, it would have been natural for him to advise the officer that defendant was wearing the stolen chain. Based on this record, the court properly concluded that the victim's testimony was not necessary at the hearing. Finally, defendant had a full opportunity to examine the victim on this issue at trial (*see Chipp*, 75 NY2d at 338-339).

The court properly imposed consecutive sentences for the robbery and assault convictions (*see generally* Penal Law § 70.25 [2]; *People v Frazier*, 16 NY3d 36, 40-41 [2010]). Defendant threatened to cut the victim with a knife in order to compel him to hand over his property. The crime of first-degree robbery was completed when the victim complied with that demand. Defendant then walked away, but moments later turned back and slashed the victim with the knife. This constituted the distinct crime of second-degree assault, committed with a new criminal intent unrelated to the robbery (*see People v Murray*, 299 AD2d 225 [2002], *lv denied* 99 NY2d 631 [2003]).

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Sweeny, Catterson, Renwick and Manzanet-Daniels, JJ.