Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Collini, J.), rendered May 7, 2008, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. By decision and order dated November 3, 2010, this Court remitted the matter to the Supreme Court, Richmond County, to hear and report on the defendant’s challenge to the prosecutor’s exercise of peremptory challenges against black venirepersons and held the appeal in abeyance in the interim (see People v Norris, 78 AD3d 736 [2010]). The Supreme Court, Richmond County, has now filed its report.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, the prosecutor offered race-neutral explanations for exercising peremptory challenges to venirepersons (see Purkett v Elem, 514 US 765, 767-768 [1995]). The burden then shifted to the defendant to demonstrate that the proffered explanations were a pretext for discrimination, and he failed to carry that burden (see People v Allen, 86 NY2d 101, 104 [1995]; People v Celestine, 243 AD2d 485, 486 [1997]). The Supreme Court’s determination that the challenges were not pretextual turned largely on its assessment of the prosecutor’s credibility and is entitled to great deference on appeal (see People v Hernandez, 75 NY2d 350, 356 [1990], affd 500 US 352 [1991]; People v Samms, 83 AD3d 1099 [2011]). Since the Supreme Court’s determination is supported by the record, it will not be disturbed (see People v Gray, 79 AD3d 1067 [2010]; People v Miles, 55 AD3d 307, 308 [2008]; People v Boston, 52 AD3d 728, 729 [2008]; People v Hall, 292 AD2d 166 [2002]).
The defendant contends that the evidence was legally insufficient to support his conviction of murder in the second degree because the People failed to prove the element of intent to kill. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt *587 that the defendant possessed the intent to kill the decedent (see Penal Law § 125.25 [1]; People v Ortiz, 46 AD 3d 580 [2007]; People v Pabellon, 198 AD2d 87, 88 [1993]; People v Angel, 185 AD2d 356, 358 [1992]; People v Reyes, 108 AD2d 934 [1985]).
The defendant also contends that the verdict was against the weight of the evidence because the People failed to prove the element of intent to kill and because the testimony of a prosecution witness was not credible. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004], cert denied 542 US 946 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s remaining contentions are without merit. Skelos, J.P., Balkin, Chambers and Austin, JJ., concur.