■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZENELL WOOD, Appellant. [985 NYS2d 724]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Cohen, J.), rendered March 23, 2011, convicting him of attempted murder in the second degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the prosecutor offered a race-neutral explanation for exercising a peremptory challenge as to prospective juror number six in the third round of jury selection (*see Purkett v Elem*, 514 US 765, 767-768 [1995]). The burden then shifted to the defendant to demonstrate that the proffered explanation was a pretext for discrimination, and he failed to carry that burden (*see People v Norris*, 98 AD3d 586 [2012]; *People v Celestine*, 243 AD2d 485, 486 [1997]). The defendant's challenge to the prosecutor's use of a peremptory challenge as to prospective juror number 18 in the first round of jury selection is unpreserved for appellate review (*see People v Lugo*, 69 AD3d 654 [2010]; *People v Patterson*, 40 AD3d 659 [2007]), and, in any event, without merit (*see People v Richie*, 217 AD2d 84, 89 [1995]).

The Supreme Court properly admitted into evidence certain

recorded telephone conversations in which the defendant tried to dissuade a witness from testifying at his trial, as that evidence constituted consciousness of guilt (*see People v Shilitano*, 218 NY 161, 179 [1916]; *People v Marcus*, 101 AD3d 1046, 1048 [2012]; *People v Haigler*, 44 AD3d 329 [2007]). The defendant's contention that the admission of this evidence violated his right of confrontation is without merit (*see generally Crawford v Washington*, 541 US 36 [2004]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Mastro, J.P., Chambers, Lott and Duffy, JJ., concur.