Appeal by the defendant from a judgment of the County Court, Suffolk County (Cohen, J.), rendered March 23, 2011, convicting him of attempted murder in the second degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, the prosecutor offered a race-neutral explanation for exercising a peremptory challenge as to prospective juror number six in the third round of jury selection (see Purkett v Elem, 514 US 765, 767-768 [1995]). The burden then shifted to the defendant to demonstrate that the proffered explanation was a pretext for discrimination, and he failed to carry that burden (see People v Norris, 98 AD3d 586 [2012]; People v Celestine, 243 AD2d 485, 486 [1997]). The defendant’s challenge to the prosecutor’s use of a peremptory challenge as to prospective juror number 18 in the first round of jury selection is unpreserved for appellate review (see People v Lugo, 69 AD3d 654 [2010]; People v Patterson, 40 AD3d 659 [2007]), and, in any event, without merit (see People v Richie, 217 AD2d 84, 89 [1995]).
The Supreme Court properly admitted into evidence certain *889 recorded telephone conversations in which the defendant tried to dissuade a witness from testifying at his trial, as that evidence constituted consciousness of guilt (see People v Shilitano, 218 NY 161, 179 [1916]; People v Marcus, 101 AD3d 1046, 1048 [2012]; People v Haigler, 44 AD3d 329 [2007]). The defendant’s contention that the admission of this evidence violated his right of confrontation is without merit (see generally Crawford v Washington, 541 US 36 [2004]).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contentions are unpreserved for appellate review and, in any event, without merit.
Mastro, J.P, Chambers, Lott and Duffy, JJ., concur.