13-2062
*Haigler v. Conway*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of February, two thousand fifteen.

PRESENT:

AMALYA L. KEARSE,
DEBRA ANN LIVINGSTON,
SUSAN L. CARNEY,

*Circuit Judges.*

_____

ROBERT HAIGLER,

*Petitioner-Appellant,*

-v.-                                                    No. 13-2062

JAMES CONWAY,

*Respondent-Appellee.*

_____

FOR PETITIONER-APPELLANT:          Robert Haigler, pro se, Malone, NY.

FOR RESPONDENT-APPELLEE:          Eric T. Schneiderman, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Nikki Kowalski, Deputy Solicitor General for Criminal Matters, Joanna Hershey, Assistant Attorney General, New York, NY.

1

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

In 2005, Petitioner Robert Haigler was convicted of three counts of robbery in the first degree. The Appellate Division of the New York Supreme Court upheld his conviction, *People v. Haigler*, 843 N.Y.S.2d 36 (App. Div. 2007), and the New York Court of Appeals denied leave to appeal, *People v. Haigler*, 880 N.E.2d 880 (N.Y. 2007). Haigler, proceeding pro se, petitioned the United States District Court for the Southern District of New York (Sand, *J.*) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By an order filed on April 30, 2013, the district court denied Haigler's petition and granted a certificate of appealability on whether Haigler was denied a fair trial in violation of his Fourteenth Amendment right to due process because: (1) the trial court did not declare a mistrial when a prosecution witness testified that prosecutors "offer[ed]" Haigler "too much time" in prison; (2) the prosecutor's summation cautioned the jury against being "manipulate[d]" by Haigler; and (3) the prosecutor's summation incorrectly stated that Haigler placed an intimidating phone call to a particular witness. R.A. 19. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews a district court's decision to deny a habeas petition *de novo*. *Bierenbaum v. Graham*, 607 F.3d 36, 47 (2d Cir. 2010). Under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, § 104, 110 Stat. 1214, 1219 (1996), "a writ of habeas corpus may not issue for any claim adjudicated on the merits by a state court unless the state-court decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' . . . or was 'based on an unreasonable determination of the facts in light of the evidence

presented' in state court." *Brown v. Alexander*, 543 F.3d 94, 100 (2d Cir. 2008) (quoting 28 U.S.C. § 2254(d)(1)-(2)). A state court unreasonably applies clearly established federal law as determined by the Supreme Court "if [it] identifies the correct governing legal principle . . . but unreasonably applies that principle to the particular facts of [a] prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "[A]n unreasonable application of federal law is different from an incorrect or erroneous application of federal law," and requires "[s]ome increment of incorrectness beyond error." *Overton v. Newton*, 295 F.3d 270, 277 (2d Cir. 2002) (emphases and internal quotation marks omitted).

The district court properly denied Haigler's habeas petition and rejected each of the three claims on which it granted a certificate of appealability. First, the Appellate Division decided that Haigler was not entitled to a mistrial after a witness for the prosecution testified that the government "offer[ed]" Haigler significant prison time. "The presumption of innocence . . . is a basic component of a fair trial under our system of criminal justice." *Estelle v. Williams*, 425 U.S. 501, 503 (1976). But the Supreme Court has never established that a fleeting suggestion that the government offered the defendant a plea agreement impairs that presumption. *See, e.g.*, *id.* at 505 (noting that a defendant wearing prison attire "is so likely to be a continuing influence throughout the trial that . . . an unacceptable risk is presented of impermissible factors coming into play"). Nor has it established that such a suggestion "impair[s] the presumption of innocence to such an extent that a mistrial is required." *United States v. Deandrade*, 600 F.3d 115, 119 (2d Cir. 2010). We therefore conclude that the state court's decision was neither contrary to, nor an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1).

Second, the Appellate Division did not unreasonably apply clearly established federal law in determining that Haigler was not deprived of a fair trial when the prosecutor's summation cautioned

3

the jury against being "manipulated" by Haigler. A prosecutor's improper comments "violate the Constitution only if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Parker v. Matthews*, 132 S. Ct. 2148, 2153 (2012) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)). The Supreme Court has emphasized that this "standard is a very general one, leaving courts more leeway . . . in reaching outcomes in case-by-case determinations." *Id.* at 2155 (internal quotation marks omitted). In Haigler's trial, the prosecutor's summation addressed Haigler's attempts to intimidate witnesses. The statement cautioning jurors against being "manipulated" came during that discussion. Although the comment was inappropriate, in context it did not stray far from the evidence and was not clearly designed to inflame the jury's passions. *Cf. United States v. Marrale*, 695 F.2d 658, 667 (2d Cir. 1982) (concluding that a prosecutor's "admonition to the jury not to 'be fooled'" by the defense attorney did not "fall[] into the category of impermissible conduct"). The Appellate Division's determination that the comment did not infect the trial with unfairness was therefore not an unreasonable application of clear Supreme Court precedent.

Finally, the Appellate Division concluded that the prosecutor did not deprive Haigler of a fair trial by incorrectly stating that Haigler made an intimidating phone call to John Maldonado, a government witness. That decision did not involve an unreasonable application of clearly established federal law. As the district court explained, Haigler made intimidating calls to two other government witnesses, including one call in which, as the recipient told Maldonado, Haigler had recited both the recipient's home address and that of Maldonado. So "[w]hile [the] prosecution's misstatement may have made Haigler look a shade more sinister," it did not deprive him of his right to a fair trial because "whether or not Maldonado received a call [was] more or less immaterial with regards to the jury's picture of the overall verdict." R.A. 16.

We have reviewed the petitioner's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk