■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN G. CHERY, Appellant. [5 NYS3d 897]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered May 14, 2012, convicting him of robbery in the second degree (two counts) and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. By decision and order dated May 21, 2014, this Court remitted the matter to the Supreme Court, Queens County, to hear and report on the defendant's challenge to the prosecutor's exercise of peremptory challenges against black venire persons, and held the appeal in abeyance in the interim (*see People v Chery*, 117 AD3d 962 [2014]). The Supreme Court, Queens County, has now filed its report.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the prosecutor offered race-neutral explanations for exercising peremptory challenges to the two disputed venire persons (*see Purkett v Elem*, 514 US 765, 767-768 [1995]; *People v Norris*, 98 AD3d 586 [2012]). The burden then shifted to the defendant to demonstrate that the proffered explanations were a pretext for discrimination, which the defendant failed to carry (*see People v Allen*, 86 NY2d 101, 104 [1995]; *People v Wood*, 117 AD3d 888 [2014]; *People v Norris*, 98 AD3d at 586; *People v Celestine*, 243 AD2d 485 [1997]). The Supreme Court's determination that the challenges were not pretextual was supported by the record, which included its assessment of the prosecutor's credibility, which is entitled to great deference on appeal (*see People v Hernandez*, 75 NY2d 350, 356 [1990], *affd* 500 US 352 [1991]; *People v Norris*, 98 AD3d at 586; *People v Samms*, 83 AD3d 1099 [2011]; *People v Celestine*, 243 AD2d 485 [1997]).

The defendant's remaining contention regarding the legal sufficiency of the evidence is unpreserved for appellate review and, in any event, without merit. Rivera, J.P., Austin, Roman and Hinds-Radix, JJ., concur.