THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BAEZ, Appellant. [27 NYS3d 161]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered May 7, 2012, convicting him of gang assault in the first degree and gang assault in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Hanophy, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the evidence of his pretrial lineup identification on the ground it was tainted by the witness's prior viewings of surveillance videos and still photographs made from those videos. The evidence at the hearing did not establish that, at the lineup procedure, the witness was merely identifying the individual she had seen in the videos and photographs rather than the man who had participated in the subject altercation (see People v Young, 167 AD2d 366 [1990]).

The trial court properly admitted into evidence a video recording and transcript of a complainant's testimony at a conditional hearing (see CPL 670.10 [1]; 670.20 [1]; People v Arroyo, 54 NY2d 567, 577 [1982]). The opportunity for cross-examination afforded to defense counsel at the conditional examination was sufficient to test the reliability of the witness and to insure the fairness of the proceeding (see People v Arroyo, 54 NY2d at 574).

The defendant's contention that certain remarks made by the prosecutor and slides displayed as part of a PowerPoint presentation during summation deprived him of a fair trial is largely unpreserved for appellate review, since he either failed to object to most of the challenged remarks and the slides, or made only general objections (see CPL 470.05 [2]; People v Romero, 7 NY3d 911, 912 [2006]; People v Philips, 120 AD3d 1266, 1268 [2014]; People v Martin, 116 AD3d 981, 982 [2014]). In any event, the majority of the challenged comments and slides were within the broad bounds of rhetorical comment permissible in closing arguments, constituted a fair response to arguments made by defense counsel in summation, or constituted fair comment on the evidence (see People v Halm, 81

NY2d 819, 821 [1993]; *People v Quezada*, 116 AD3d 796, 798 [2014]). To the extent that some of the comments were improper, these errors were not, either individually or collectively, so egregious as to deprive the defendant of a fair trial (*see People v Stevenson*, 129 AD3d 998, 999 [2015]). Mastro, J.P., Hall, Maltese and LaSalle, JJ., concur.