Appeal by the defendant from a judgment of the Supreme Court, Kings County (Balter, J.), rendered June 10, 2013, convicting him of attempted murder in the second degree, criminal possession of a weapon in the second degree (two counts), attempted robbery in the first degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 Contrary to the defendant’s contention, the Supreme Court properly denied his Batson challenge (see Batson v Kentucky, 476 US 79 [1986]) to the prosecutor’s exercise of a peremptory challenge to exclude prospective juror number 14, a black female venireperson. New York courts apply the three-step test of Batson to determine whether a party has used its peremptory challenges in a racially discriminatory manner (see People v Smocum, 99 NY2d 418, 421-422 [2003]; People v Jones, 139 AD3d 878, 879 [2016]; People v Fabregas, 130 AD3d 939, 940 [2015]). “ ‘The first step requires that the moving party make a prima facie showing of discrimination in the exercise of peremptory challenges; the second step shifts the burden to the nonmoving party to provide race-neutral reasons for each juror being challenged; and the third step requires the court to make a factual determination as to whether the race-neutral reasons are merely a pretext for discrimination’ ” (People v Jones, 139 AD3d at 879, quoting People v Carillo, 9 AD3d 333, 334 [2004]; see People v Smocum, 99 NY2d at 421-422). The “third-step inquiry is a ‘pure issue of fact,’ and the trial court’s determination whether a proffered race-neutral reason is pretextual is accorded ‘great deference’ on appeal” (People v Hecker, 15 NY3d 625, 656 [2010], quoting Miller-El v Cockrell, 537 US 322, 339-340 [2003]).
 

 Here, during the second round of jury selection, defense counsel suggested that the prosecutor had exercised peremptory challenges in a discriminatory manner with respect to prospective juror numbers 4 and 14, both of whom were black females. After providing a race-neutral explanation with respect to prospective juror number 4, the prosecutor stated that he “never had an opportunity to speak with [prospective juror number 14]” and that he thought “she answered one question between both attorneys.” The prosecutor indicated that, therefore, he did “not have enough information about [the prospective juror] to feel comfortable in sitting her as a juror,” and that “[a]s a general practice,” he would only “sit jurors that [he] had an opportunity to speak with.”
 

 The record reflects that the prosecutor’s strategy was not to avoid or ignore a particular class of prospective jurors based on race but to remove jurors whom he did not have time to address (see People v Hecker, 15 NY3d at 658; People v Richie, 217 AD2d 84, 89 [1995]; cf. People v Padgett, 303 AD2d 524 [2003]). Indeed, the record indicates that the parties were operating under significant time constraints during voir dire. At the beginning of jury selection, the Supreme Court informed the prospective jurors that the attorneys had “a limited amount of time” to address them. During the first round of voir dire, in response to defense counsel’s inquiry as to how much time she had remaining, the court responded, “[o]ne minute.” Defense counsel herself acknowledged the time constraints, at one point advising the panelists that she only had a “few seconds . . . left,” and at another point stating that her “time is short.” During the second round, defense counsel, while providing an explanation for her use of peremptory challenges, stated that she “didn’t have a chance to speak to [the prospective jurors] for a long time or get a lot of information from them.” Further, during the third round, defense counsel stated, “I want to make the record very clear. This is round 3. We have five minutes.”
 

 Under the circumstances of this case, the prosecutor’s challenge based on his lack of sufficient information about the prospective juror cannot be construed to be rooted in racial animosity but rather a rationale with some basis in accepted trial strategy (see People v Hecker, 15 NY3d at 658). Moreover, “[w]hile the sufficiency of the prima facie case showing becomes moot once a party states its race-neutral reasons for lodging a peremptory strike (see Smocum, 99 NY2d at 422) . . . the strength or paucity of the step one showing is a factor that should be considered in determining whether the record as a whole supports a finding of pretext” (People v Hecker, 15 NY3d at 660). Here, defense counsel noted only that “both [prospective] Jurors No. 4 and 14 are female blacks.” “[P]urely numerical or statistical arguments are ‘rarely conclusive in the absence of other facts or circumstances’ to give rise to an inference of discrimination” (id. at 651, quoting People v Brown, 97 NY2d 500, 507 [2002]; see People v Valdez-Cruz, 99 AD3d 738, 738-739 [2012]; People v Scott, 70 AD3d 977, 977 [2010]). The Supreme Court’s determination that the challenge was not pretextual was based largely on its assessment of the prosecutor’s credibility, which is entitled to great deference on appeal (see Snyder v Louisiana, 552 US 472, 477 [2008]; Miller-El v Cockrell, 537 US at 339; People v Hernandez, 75 NY2d 350, 356 [1990], affd 500 US 352 [1991]; People v Norris, 98 AD3d 586, 586 [2012]). Inasmuch as the court’s determination is supported by the record, it will not be disturbed (see People v Norris, 98 AD3d at 586).
 

 Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of attempted murder in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
 

 The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
 

 The defendant’s contention, raised in point 1 (B) of his pro se supplemental brief, is without merit. The defendant’s remaining contentions raised in his pro se supplemental brief are unpreserved for appellate review and, in any event, without merit.
 

 Dillon, J.P., Roman, Hinds-Radix and Barros, JJ., concur.