People v Clarke (2019 NY Slip Op 02352)





People v Clarke


2019 NY Slip Op 02352


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2014-06452
 (Ind. No. 1230/13)

[*1]The People of the State of New York, respondent,
v
Jamahl Clarke, appellant.


Paul Skip Laisure, New York, NY (Lauren E. Jones of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Terrence F. Heller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered June 24, 2014, convicting him of assault in the first degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On January 30, 2013, the complainant was shot multiple times at close range. Bullets struck both of his legs, his right shoulder, his left elbow, and the fingers of his left hand. After the shooting, the complainant was taken to the hospital. He refused to speak to police officers about the shooter until after he spoke to his father. After the complainant spoke to his father and sister that evening, he told police officers that he had been shot by the defendant, whom the complainant knew because they lived in the same building.
The defendant's contention that the evidence was not legally sufficient to establish his identity as the perpetrator of the crimes is unpreserved for appellate review (see CPL 470.05[2]; Penal Law § 120.10[1]; People v Hawkins, 11 NY3d 484). In any event, the defendant's contention is without merit. Viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), the evidence was legally sufficient to establish the defendant's identity as the perpetrator beyond a reasonable doubt. Furthermore, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we are satisfied that the jury's finding that the defendant was the perpetrator of the crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant also failed to preserve for appellate review his contention that the evidence was not legally sufficient to prove the serious physical injury element of assault in the first degree (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484). In any event, viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d at 621), the evidence, including the complainant's testimony and the medical evidence, was legally sufficient to establish that the complainant sustained a serious physical injury within the meaning of Penal Law § 10.00(10) (see People v Garland, 155 AD3d 527, 528, affd 32 NY3d 1094; People v Lindsay, 131 AD3d 625, 626). [*2]Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt on the count of assault in the first degree was not against the weight of the evidence (see People v Danielson, 9 NY3d at 348; People v Romero, 7 NY3d 633).
The defendant's contention that certain remarks made by the prosecutor during summation deprived him of a fair trial is unpreserved for appellate review, since he either failed to object or only made general objections to the challenged remarks (see CPL 470.05[2]; People v Baez, 137 AD3d 805, 805). In any event, the majority of the comments alleged to be prejudicial were either fair comment on the evidence or a fair response to defense counsel's summation (see People v Fowler, 157 AD3d 902, 902-903; People v Baez, 137 AD3d at 805). To the extent that any of the prosecutor's comments were improper, they were not "egregious or pervasive enough to have deprived the defendant of a fair trial" (People v Bethea, 159 AD3d 710, 712; see People v Valdez, 262 AD2d 338, 339).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LEVENTHAL, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court