People v Davis (2019 NY Slip Op 09017)





People v Davis


2019 NY Slip Op 09017


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2015-06306
 (Ind. No. 1329/14)

[*1]The People of the State of New York, respondent,
v
Miles Davis, appellant.


Janet E. Sabel, New York, NY (David Crow and Patterson Belknap Webb & Tyler LLP [Daniel S. Ruzumna, Lachlan Campbell-Verduyn, and Christina Seda-Acosta], of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Jill A. Gross-Marks of counsel), for respondent.



DECISION & ORDER
Appeal by defendant from a judgment of the Supreme Court, Queens County (Joel L. Blumenfeld, J.), rendered May 27, 2015, convicting him of criminal possession of a weapon in the second degree and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
We find no basis to disturb the trial court's factual determination in denying the defendant's Batson challenge (see Batson v Kentucky, 476 US 79). "[A] party asserting a claim under Batson . . . should articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed" (People v Childress, 81 NY2d 263, 268; see People v Allen, 86 NY2d 101, 110). On appeal, the defendant relies upon new arguments that were not raised before the trial court, and therefore, the record is not fully developed as it pertains to such issues (see People v Allen, 86 NY2d at 110-111).
In any event, those arguments are without merit. The prosecutor's race-neutral explanations for using a peremptory challenge against certain prospective black jurors are supported by the record, and the defendant "failed to carry his ultimate burden of demonstrating discrimination by showing that these reasons were pretextual" (People v Thompson, 45 AD3d 876, 877). The trial court's assessment of the prosecutor's credibility is entitled to great deference on appeal (see People v Chery, 127 AD3d 1227, 1227). Because the trial court's determination is supported by the record, it will not be disturbed (see People v Francis, 155 AD3d 1059, 1061; People v Norris, 98 AD3d 586, 586).
The defendant's contention that the prosecutor made certain inappropriate comments during summation is unpreserved for appellate review, as the defendant did not object to a majority of the comments he now argues were improper, raised only general objections with respect to those comments to which he did object, did not request a curative instruction with respect to the objections [*2]that were sustained, and did not move for a mistrial after the trial court overruled his other objections (see CPL 470.05[2]; People v Rogers, 161 AD3d 1013, 1014; People v Elder, 152 AD3d 787, 789; People v Collins, 12 AD3d 33, 36). In any event, the majority of the comments complained of were within "the broad bounds of rhetorical comment permissible in closing arguments, constituted a fair response to arguments made by defense counsel in summation, or constituted fair comment on the evidence" (People v Baez, 137 AD3d 805, 805; see People v Stewart, 51 AD3d 826, 827). Certain isolated comments by the prosecutor were improper, including those where the prosecutor stated that in order to find the defendant guilty, the jury would have to believe that the police officers who testified were lying, which suggested that the defendant bore the burden of proving that the People's witnesses were lying (see People v Cantoni, 140 AD3d 782, 787; see also People v Levy, 202 AD2d 242, 245), and those where the prosecutor made certain inflammatory references to the defendant's tattoos (see People v Spence, 92 AD3d 905). However, these comments "were either sufficiently addressed by the [trial court's] instructions to the jury or not so egregious as to have deprived the defendant of a fair trial" (People v Bunting, 146 AD3d 794, 795; see People v Baez, 137 AD3d at 806; People v Scurry, 123 AD3d 949, 950).
SCHEINKMAN, P.J., RIVERA, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court