People v Desouza (2021 NY Slip Op 04437)





People v Desouza


2021 NY Slip Op 04437


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


341 KA 18-02098

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NEGUS J. DESOUZA, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (A. VINCENT BUZARD OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered August 14, 2018. The judgment convicted defendant, upon a jury verdict, of attempted assault in the first degree, attempted robbery in the first degree and criminal possession of a weapon in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]), attempted robbery in the first degree
(§§ 110.00, 160.15 [4]), and two counts of criminal possession of a weapon in the third degree (§ 265.02 [1], [3]). We affirm.
Defendant contends that his sentence is illegal because County Court violated Penal Law § 70.25 (2) by imposing consecutive sentences on the counts charging attempted assault in the first degree and attempted robbery in the first degree. We reject that contention. Pursuant to Penal Law § 70.25 (2), "[w]hen more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences . . . must run concurrently." Thus, "[i]t is well settled that 'sentences imposed for two or more offenses may not run consecutively: (1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other' " (People v Jackson, 56 AD3d 1295, 1296 [4th Dept 2008], quoting People v Laureano, 87 NY2d 640, 643 [1996]; see § 70.25 [2]; People v Wright, 19 NY3d 359, 363 [2012]). The People have the burden of establishing the legality of consecutive sentences (see People v Brahney, 29 NY3d 10, 13-14 [2017], rearg denied 29 NY3d 1046 [2017]; People v Tripp, 177 AD3d 1409, 1410 [4th Dept 2019], lv denied 34 NY3d 1133 [2020]), and "once the People offer evidence of the existence of a separate and distinct act, the trial court has discretion to order consecutive sentences" (People v Couser, 28 NY3d 368, 377 [2016]).
Here, the court lawfully imposed consecutive sentences because the evidence establishes that, although both crimes were committed against the same victim during the course of one continuous transaction, the acts constituting the attempted robbery were separate and distinct from the acts constituting the attempted assault (see generally People v Rodriguez, 25 NY3d 238, 244-245 [2015]; People v McKnight, 16 NY3d 43, 49 [2010]; People v Samms, 83 AD3d 1099, 1100 [2d Dept 2011], lv denied 17 NY3d 809 [2011]). The attempted robbery was completed when defendant pointed a rifle at the victim and demanded his money (see Penal Law §§ 110.00, 160.15 [4]), and the attempted assault was committed when defendant formed a new intent to cause serious physical injury to another person and performed the separate and distinct act of repeatedly firing the rifle at the victim (see §§ 110.00, 120.10 [1]; People v Hayes, 84 AD3d 463, [*2]464 [1st Dept 2011], lv denied 17 NY3d 817 [2011]; People v Murray, 299 AD2d 225, 225-226 [1st Dept 2002], lv denied 99 NY2d 631 [2003]; see generally Couser, 28 NY3d at 377).
The sentence is not unduly harsh or severe.
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court